# Wiland v. Royal Insurance Company, Ltd., Appellant.

*Insurance—Fire insurance—Affidavit of defense.*

In an action upon a policy of fire insurance where the statement of claim avers that the actual cash value of the property damaged was $2,125.13 and the total damage to said property was $1,606.22, an affidavit of defense is sufficient which avers that the actual cash value of the property damaged did not amount to the sum of $2,125.13 as claimed, and did not exceed the sum of $1,757.43, and that the total damage to the property did not amount to the sum of $1,606.22, and did not exceed the sum of $769.57.

Argued March 10, 1915. Appeal, No. 285, Oct. T., 1914, by defendant, from order of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 2888, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John A. Wiland, trading as Wiland & Co., v.

410    WILAND *v.* ROYAL INS. CO., LTD., Appellant.

Royal Insurance Company, Ltd.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement and of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*F. R. Shattuck,* for appellant, cited:  Wakely v. Sun Insurance Office, 246 Pa. 268; Penn Plate Glass Co. v. Spring Garden Insurance Co., 189 Pa. 255; Miller v. Iron City Mut. Fire Ins. Co., 4 Pa. Superior Ct. 605; Ellis v. Agricultural Ins. Co., 7 Pa. Superior Ct. 264.

*J. E. Shrader,* with him *W. B. Linn, H. B. Gill,* for appellee.

OPINION BY TREXLER, J., November 22, 1915:

This is an action on an insurance policy.  The question for us to decide is whether or not the court below erred in entering judgment against the defendant for want of a sufficient affidavit of defense.  The allegations of the plaintiff as to the loss sustained were that "The property and improvements insured were destroyed and damaged by fire, the actual cash value of said property so destroyed and damaged being $2,125.13 and the total damage to said property being $1,606.22."  The defendant answered in this wise: "the defendant is informed, believes and expects to be able to prove at the time of the trial of this case and therefore avers that the actual cash value of the property so damaged did not amount to the sum of $2,125.13, as claimed by the plaintiff, but,

on the contrary, the value of said property did not exceed the sum of $1,757.43.   Deponent further is informed, believes, and expects to be able to prove at the time of the trial of this case, and, therefore avers that the total damage to the said property did not amount to the sum of $1,606.22, but, on the contrary, the said damage did not exceed the sum of $769.57, which is the total amount for which this company would be liable to the plaintiff, if liable at all, which is denied, and deponent avers that said excessive claim, as made in the proof of loss filed with the defendant, by the plaintiff, and in the statement of claim, sworn to by him, both as to actual cash value and damage thereto, is falsely, intentionally, deliberately and fraudulently made by the plaintiff, for the purpose of undertaking to require this defendant to pay a sum largely in excess of any amount which would under any circumstances, be due by the defendant to the plaintiff, if defendant was liable at all, which is denied, for the reasons above set forth."

In Penn Plate Glass Co. v. Spring Garden Insurance Co., 189 Pa. 255, the affidavit was very similar as to the averment of loss to the one in question and we quote the following from the opinion of Justice MITCHELL in that case, "The affidavit of defense sets up clearly and specifically in the established and approved form that defendant "is informed, believes and expects to be able to prove" that the plaintiff's loss in respect of equipment was not $228,734.00 as claimed but did not exceed $60,-000.00, and the amount of defendant's liability, if liable at all, was not $2,099.00 as claimed in the statement but would not exceed $1,035.00.   This was sufficient to prevent judgment and put the plaintiff to proof of the amount of its loss."

Furthermore the plaintiff in his statement, as appears above, sets forth his loss in lump figures.   The defendant in his answer does the same.   We see no reason why the defendant shall be held to a greater particularity in his affidavit of defense than the plaintiff in his statement.

The judgment is reversed and a procedendo awarded.