# Giordano *v.* St. Paul Fire & Marine Insurance Co., Appellant.

*Insurance—Fire insurance—Pleadings — Affidavit of defense — Affidavit by agent.*

In an action on a policy of fire insurance, an affidavit of defense is sufficient which avers that the plaintiff's loss instead of $1,300 as claimed, was only $501.84, that plaintiffs fraudulently misstated their loss, and that the proofs were not furnished within sixty days after the fire, as provided by the policy: Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255, followed.

In an action upon a policy of fire insurance an affidavit of defense sufficiently establishes the right of the deponent to make the affidavit, where the defendant avers that he is the district agent of the company, a corporation of another state; that the executive officers do not reside in Pennsylvania; that he has full authority to make the affidavit; that there is not sufficient time to draw the affidavit for an officer of the company at the home office to execute it and return it in time; that deponent is thoroughly acquainted with the facts; that he has carefully investigated the case through competent persons and expert builders; that the results of the investigation have been carefully gone over by him, and that being informed and believing the facts, he expects to be able to prove them at the trial.

Where a statement of claim in an action on a fire insurance policy avers that the plaintiff delivered to defendant proofs of loss on December 21st, and the defendant declares in its affidavit of defense that the proofs of loss were not received until December 23d, the latter date being too late under the conditions of the policy, the lower court cannot as a matter of law decide that the plaintiffs having mailed their proofs within sixty days had complied with the policy. Nothing having been said as to mailing the proofs, this fact cannot form the basis of the court's decision.

Argued March 6, 1916.   Appeal, No. 32, March T., 1915, by defendant, from order of C. P. Luzerne Co., March T., 1915, No. 818, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Michael Giordano, et al., v. St. Paul Fire & Marine Ins. Co.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*R. W. Archbald,* with him *Harry Needle,* for appellant. —The averment in the affidavit of defense that the amount of the loss was not $1,570.15, as claimed in the proofs of loss, and on the contrary did not exceed $501.84, and that this overvaluation was fraudulently and deliberately made, was a complete defense to the plaintiff's action, being an avoidance of the policy, and the court erred in giving judgment in the face of it : Beck v. Schekter, 235 Pa. 253.

The averment in the affidavit of defense that the proofs of loss were not delivered to the defendant until December 23d, sixty-two days after the fire and not on December 21st, as set forth in the plaintiffs' statement, was also a complete defense to the plaintiffs' action : Manufacturers, Etc., Ins. Co. v. Zeitinger, 168 Ill. 286.

*Nicholas M. Curcio,* with him *John H. Bigelow,* for appellees.—An affidavit of defense filed in an action on a fire insurance policy and made by one styling himself "Special Agent" of the defendant and asserting full power and general authority to make an affidavit of defense in Pennsylvania, and not showing the nature and

character of his employment or duties, is not sufficient: Bushong v. Edwards, 52 Pa. Superior Ct. 376; Griel v. Buckins, 114 Pa. 187; Citizens Nat. Gas Co. v. Waynesburg Nat. Gas Co., 210 Pa. 137; Wakely v. Sun Ins. Co., 246 Pa. 268.

An affidavit of defense which alleges in a general way that the loss is less than claimed in proofs and that overvaluation by plaintiffs is fraudulently and deliberately made, and also fails to show that affiant or his informants had any personal knowledge of the premises is insufficient: Wakely v. Sun Ins. Co., 246 Pa. 275; Felleman v. Cessler, 198 Pa. 407; Max Meadows Land, Etc., Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Class v. Kingsley, 142 Pa. 636; King v. Security Co., 241 Pa. 547.

OPINION BY TREXLER, J., May 9, 1916:

This is a suit on a policy of fire insurance, covering in two separate items a dwelling and its contents. Plaintiffs' statement alleges the destruction of the property fixes the amount due at the lump sum of thirteen hundred dollars and states that they have fully complied with all the provisions of the policy. The defendant, through its special agent, filed its affidavit averring in substance that the plaintiffs' loss instead of thirteen hundred dollars was only five hundred and one dollars and eighty-four cents; that plaintiffs fraudulently misstated their loss and that the proofs of loss were not furnished within sixty days after the fire as provided by the policy. The court entered judgment for want of a sufficient affidavit of defense. The grounds of its decision are stated that the defendant failed to "set out with specification the items that are excessively valued and the amount of each excess," and that there are no facts stated from which the court could determine the truth of the alleged concealment and misrepresentation, and that the affidavit being made by an agent did not contain the averments required in a stranger's affidavit, citing Wakely v. Insurance Co., 246 Pa. 268.

The allegations as to the amount of the loss are substantially the same as those in Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255, concerning which Justice MITCHELL stated as follows: "The affidavit of defense sets up clearly and specifically in the established and approved form that defendant is informed, believes and expects to be able to prove that the plaintiff's loss was not $228,734.00 as claimed but did not exceed $60,-000.00, and the amount of defendant's liability was not $2,099.00 as claimed in the statement but would not exceed $1,035.00. This was sufficient to prevent judgment and put the plaintiff to proof of the amount of its loss."

The plaintiff in his statement sets forth his loss in a lump figure. The defendant in his defense uses the same method. We see no reason why the defendant should be held to a greater particularity than the plaintiff: Wiland v. Royal Ins. Co., Ltd., 61 Pa. Superior Ct. 409.

The objection that the affidavit was made by an agent, and did not conform to the requirements of a stranger's affidavit is not well taken. The rule as laid down in Wakely v. Ins. Co., supra, following Citizens' Gas Co. v. Waynesburg Nat. Gas Co., 210 Pa. 137, is as follows: "When the defendant puts in a stranger's affidavit of defense it must show upon its face a sufficient reason why it is not made by the defendant itself; that a real disability existed which prevented him from making it; and the circumstances giving rise to the disability; and that the person making the affidavit has special knowledge of the facts if the affidavit is made from personal knowledge and not from information and belief. If the party making an affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them."

The defendant has put itself well within the above requirements. The affiant alleges that he is the district agent of the company; that the defendant is a corporation of the State of Minnesota, in which state the execu-

tive officers reside; that he has full authority to make the affidavit; that there is not sufficient time to draw the affidavit for an officer of the company at the home office for execution and have it returned in time; that none of the executive officers reside in Pennsylvania; that he is thoroughly acquainted with the facts; that the case has been carefully investigated by competent persons as to the origin of the fire and the articles damaged and the amount of loss upon the building ascertained by expert builders, employed by the company under affiant's supervision, the results of the investigation being gone over and thorougly examined by affiant and that being informed and believing the facts he expects to be able to prove them at the trial. We think these statements are sufficient.

There is but one other matter referred to in the opinion of the lower court to which we need allude. The plaintiff claims to have, on December 21st, delivered "to the said defendant a particular account of plaintiffs' loss and damages and also of the value of the premises and household furniture insured." The defendant declares that said proof of loss was not received until December 23d, the latter date being too late under the conditions of the policy. The lower court decides as a matter of law that the plaintiffs having mailed their proofs within sixty days was a compliance with the policy. Whether this be correct or not as a legal proposition, we find nothing in the plaintiffs' statement referring to the mailing of proofs, and of course this fact not appearing in the pleadings, it could not form the basis of the court's decision. The only reference to the act of the plaintiffs in this respect is contained in the language above quoted, and that does not justify the inference that the proofs were furnished by putting them in the mail within the sixty-day limit.

The judgment is reversed and procedendo awarded.