FUCHS vs. GERMANTOWN FARMERS' MUTUAL INSURANCE COMPANY.

*March 21 — April 8, 1884.*

*Insurance against fire: Renewal after expiration: Duration of risk.*

A policy of insurance expired June 10, 1878. On or prior to June 13, 1878, an application for renewal was made, and on June 19, 1878, a written renewal was issued which, by its terms, continued the

Fuchs vs. Germantown Farmers' Mutual Ins. Co.

original policy in force for the term of one year, to wit, from June 10, 1878, to June 10, 1879. The premises were destroyed by fire June 16, 1879. *Held*, that the term of the renewal had then expired. Even if there was no contract of renewal until June 19, 1878, the period expressly fixed in the agreement cannot be extended by construction to one year from that date.

APPEAL from the Circuit Court for *Washington* County. The case is thus stated by Mr. Justice CASSODAY:

" The plaintiff is a mortgagee and assignee of the insurance in question. June 10, 1877, his assignor, Charles Fleischer, made a written application to the defendant for $1,800 insurance upon his mill buildings and machinery 'for one year from June 10, 1877.' June 20, 1877, the application was approved by the company, and June 21, 1877, it issued to Fleischer its policy, reciting the payment of the premium, and insuring the property during the period of one year, commencing at noon, June 10, 1877, and ending at noon, June 10, 1878. This policy was folded and indorsed on the back: 'Policy expires June 10, 1878,' and signed by the agent. July 18, 1877, Fleischer, with the consent of the company, assigned the policy to the plaintiff as mortgagee of the premises.

" On or prior to June 13, 1878, the soliciting agent of the company, in pursuance of the request of Fleischer, dropped a note to the secretary of the company, requesting him to renew the policy. In pursuance of that request, the secretary and president of the company issued a renewal June 19, 1878, stating that the policy (giving the number) was thereby continued in force for the term of one year, to wit, from June 10, 1878, to June 10, 1879, *at noon*. Said renewed certificate was thereupon delivered to Fleischer, and he then paid the premium therein mentioned. June 16, 1879, the property covered by the policy was wholly destroyed by fire without the fault of the assured. Due notice and proofs of loss were made and delivered to the defendant.

"In addition to the facts stated, the court found, in effect, that there was no error or mistake in the policy or the renewal certificate, as to the commencement or termination of the period or term of insurance; that there was no misrepresentation or fraud on the part of the company nor any of its agents in making the insurance or in writing the policy or the renewal; that the insurance expired June 10, 1879, and was not again renewed, and no agreement was ever made or premium ever paid for any additional renewal; that at the time of the loss the amount due on the mortgage exceeded the amount of the insurance; that on February 10, 1880, Fleischer assigned all his interest and claims under the policy to the plaintiff absolutely; that the changes made in the premises had been done with the knowledge and consent of the defendant.

"The court found, in effect, as conclusions of law, that the policy and renewal expired before the fire, and that neither was in force at the time of the fire, and that the complaint should be dismissed. From the judgment entered accordingly, the plaintiff appeals."

For the appellant there were briefs by *W. A. Tholen*, attorney, and *E. P. Smith* and *Pors & Hedding*, of counsel, and the cause was argued orally by *Mr. Smith*. They contended, *inter alia*, that the risk under the renewal commenced June 19, 1879. A policy takes effect on the day of its date unless otherwise agreed. Wood on Fire Ins., sec. 68. Though by its terms a policy is to take effect at a certain time, it may be shown that for some cause it in fact took effect at a different time. *Atlantic Ins. Co. v. Goodall*, 35 N. H., 328; *Knox v. Lycoming Ins. Co.*, 50 Wis., 671. Prior to June 19, there was no valid agreement to renew, and therefore no insurance. *Peoria Ins. Co. v. Walser*, 22 Ind., 73; *Kentucky Mut. Ins. Co. v. Jenks*, 5 id., 96; *Fleming v. Hartford Ins. Co.*, 42 Wis., 616; Wood on Fire Ins., sec. 21. No premium should be paid for a time when there was no

risk. *Joliffe v. M. M. Ins. Co.*, 39 Wis., 116. But it is undisputed that the defendant asked and received premium for one year's risk; and the plaintiff therefore paid for a period of one year from June 19, 1878. A most liberal construction should be adopted in favor of the insured. Wood on Fire Ins., sec. 171; May on Ins., sec. 182; *Blumer v. Phœnix Ins. Co.*, 45 Wis., 641; *Redman v. Hartford Ins. Co.*, 47 id., 89; *Wakefield v. Orient Ins. Co.*, 50 id., 532; *Morse v. Buffalo Ins. Co.*, 30 id., 539; *Johnson v. N. W. N. Ins. Co.*, 39 id., 95; *Hull v. N. W. M. Ins. Co.*, id., 398; *Boon v. Ætna Ins. Co.*, 40 Conn., 586; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 158; *Hoffman v. Ætna Ins. Co.*, 32 id., 413; 3 Washb. on R. P. (4th ed.), 397; *Aurora Ins. Co. v. Eddy*, 49 Ill., 106; *Mutual B. L. Ins. Co. v. Robertson*, 59 id., 123; *Loy v. Home Ins. Co.*, 24 Minn., 315; *Hammel v. Queen's Ins. Co.*, 54 Wis., 83.

For the respondent the cause was submitted on briefs by *Stark & Brand*. They argued, among other things, that the date of a policy indicates only when it was written and signed, and whatever its date it cannot take effect until delivered. *Blumer v. Phœnix Ins. Co.*, 45 Wis., 622. But when delivered it will take effect by relation so as to cover a loss occurring within the period of the risk as defined, though prior to such delivery or even prior to the date of the policy. *Lightbody v. N. A. Ins. Co.*, 23 Wend., 18; *Mann v. Meyer* (Ill.), 8 Ins. L. J., 905. It is immaterial, however, whether or not the plaintiff was insured prior to the date of the renewal. If he was not he might have sought an abatement of the premium. *Joliffe v. M. M. Ins. Co.*, 39 Wis., 111, 116. But payment of the full premium could not work a change of the contract. *Martin v. Franklin Fire Ins. Co.*, 38 N. J. Law, 140; *Dewees v. Manhattan Ins. Co.*, 35 id., 366. See, also, *Montgomery v. Firemen's Ins. Co.*, 16 B. Mon., 427; *Ins. Companies v. Wright*, 1 Wall., 456; *Eames v. Home Ins. Co.*, 94 U. S., 621; *Smith v. Justice*, 13 Wis.,

600; *Johnson v. N. W. N. Ins. Co.*, 39 Wis., 87; 2 Parsons on Con., 494–499; Wood on Fire Ins., secs. 19–21, 67, 68, 108.

CASSODAY, J.   The findings of fact seem to be justified by the evidence.   They negative any error or mistake as to the commencement or termination of the period or term of insurance, either in the original policy or the renewal certificate.   They also negative any fraud or misrepresentation on the part of the defendant or any of its agents.   The action is not for a breach of contract of renewal, as in *King v. Hekla Fire Ins. Co.*, 58 Wis., 508, but is upon a policy and renewal made long prior to the loss, and which were alleged to have been still in force at the time of the loss.   If they were then in force, there can be no question but what the plaintiff is entitled to recover.   But if they were not then in force — if they had expired prior to the loss,— then it is equally certain that the plaintiff cannot recover.

The original policy, by its terms, expired June 10, 1878, and the renewal, June 10, 1879.   The fire did not occur until June 16, 1879.   It is urged that because the renewal was dated June 19, 1878, and by its terms expressly continued the policy in force for the term of *one year*, to wit, from June 10, 1878, to June 10, 1879, at noon, it should be construed as though it had read that it should be continued in force for the term of one year from the date thereof; and to enforce this claim it is insisted that the defendant was not bound until the renewal receipt was in fact issued.   The difficulty with this contention is that it calls upon the court to make an agreement for the parties, instead of construing the agreement which they made for themselves.   This is not the province of the court.   *Redmon v. Phœnix Ins. Co.*, 51 Wis., 302, 303.   If it is true, as claimed, that the plaintiff had no contract of insurance binding upon the company during the first nine days of the year stipulated for, yet that

would not authorize the court to extend the contract for a period of nine days after the expiration of the year. *Bast v. Byrne*, 51 Wis., 531. It is a circumstance entitled to weight in giving a construction if the wording of the contract is such as to admit of construction. In *Isaacs v. Royal Ins. Co.*, L. R. 5 Exch., 296, the policy was for six months, from February 14, 1868, to August 14, 1868, but the precise time of neither day was named. Taking the whole policy together, the court held that the first day was excluded and the last day included. Where the precise time of the commencement and end of the term is not definitely fixed there is some room for construction, but even in such case, and where the alleged agreement rested wholly in parol, the rule contended for has been rejected. *Strohn v. Hartford Fire Ins. Co.*, 37 Wis., 625; *Taylor v. Phœnix Ins. Co.*, 47 Wis., 365. If in such a case the absence of any definite agreement as to the duration of the risk renders the contract incomplete, and hence ineffectual, then certainly the clause in a written agreement definitely fixing the precise duration of the risk should not be rendered nugatory by mere construction.

The application for the insurance was a part of the contract, and properly admitted in evidence. But if it were otherwise, yet, since the trial was by the court, the error would be immaterial.

It is unnecessary to continue the discussion further, for we find no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.