MABEL FALLIS, GRACE SANDFORD, JENNIE COX, WARREN COGLIZER and HARRIET COGLIZER, by Her Next Friend, S. W. COGLIZER, Respondents, v. MASSACHUSETTS BONDING and INSURANCE COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, July 8, 1922.

1. **INSURANCE: In Case of Ambiguity, Construction Liberal Against Forfeiture or Lapse.** In case of ambiguity in an insurance policy. it will be liberally construed in favor of insured and against forfeiture and lapse.

2. ———: **Premium Paid After Lapse, Held to Extend Insurance a Month from Payment.** Under accident policy for insurance by the

month, premiums to be paid in advance, where a premium was paid after the policy was lapsed by non-payment, *held*, in view of policy provision that payment after lapse should reinstate the policy from the date of payment only, that payment extended insurance for a month from date of payment, although payment was made on the 22d day of the month, and the policy provided the payment of any past-due premium should not reinstate the •policy beyond the first day of the succeeding month.

Appeal from Jasper County Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*Harding, Murphy, Stinson & Tucker* and *Charles R. Warren* for appellant.

Under the provisions of the policy, acceptance by defendant of premiums, reinstated the policy only from and after the time of such acceptance and the mere acceptance of past due premiums was not a waiver of prompt payment, but only an acceptance in accordance with the terms of such provision. The judgment should therefore, have been for defendant. Wiser v. Central Business Men's Assn., 219 S. W. 102 (Kansas City Court of Appeals, 1920); Gagne v. Massachusetts Bonding & Insurance Co., 78 N. H. 439, 101 Atl. 212; National Life & Accident Co. v. Reams, (Texas Civil Appeals), 197 S. W. 332; McArthur v. U. S. Heath & Accident Co., 151 Ill. App. 507; Popovitz v. U. S. Health & Accident Co., 137 N. Y. Sup. 788; Smith v. Sovereign Camp, W. O. W., 179 Mo. 119, 135.

*Dewey & Foulke* for respondent.

(1) An agent may extend credit and the premiums so paid if same be transmitted by him to the principal in the customary time are in usual course. Benjamin v. Surety Co., 227 S. W. 100. (2) Provisions of policy in respect to payment of premiums are inserted only for the benefit of the insurer and may be waived by insurer's agent who is authorized to collect premiums, deliver

policy and countersign same. Edwards v. Business Men's Asso., 221 S. W. 422; Malone v. Insurance Company, 213 S. W. 878; Riley v. Insurance Company, 213 S. W. 871. (3) A life insurance company may waive provision, that agent has no power to change the terms of a policy with respect to payments of premiums though there be no consideration for such action. James v. Asso., 148 Mo. 1, 49 S. W. 978; Dunkin v. Insurance Co., 221 S. W. 691; Andrew v. Life Asso., 168 Mo. 151, 67 S. W. 582. (4) An arrangement by an insurance agent with insured to make collections at insured's business office, and such agent's long continued practice of making these collections at different times during the month, after same are long past due and where such payments are regularly paid on call without requests for extension, shows waiver as a matter of law of special policy provisions covering dates of premium payments. Wacker v. National Life and Accident Insurance Co., 213 S. W. 869; Hawkins v. Woodman Accident Assn., 204 S. W. 566.

COX, P. J.—Action upon an accident insurance policy issued by appellant to Harriet L. Coglizer, Jury waived; trial by court; finding and judgment for plaintiffs and defendant appealed.

There is no controversy as to the facts. The policy was issued March 21, 1918, and the initial payment kept it in force until noon May 1, 1918. The policy then provided that the payment of $2.70 in advance monthly on the first day of each month should keep the policy alive as long as these payments were made subject to the conditions of the policy. The other pertinent provisions of the policy were in substance as follows: After the policy had been in force three months or after having lapsed and been reinstated for three months, a grace of ten days in payment of the monthly premiums was allowed.

On failure to pay premiums overdue the policy would lapse.

"The payment of any past due premium would not continue this insurance in force beyond the first day of the succeeding month."

"If default be made in the payment of the agreed premium for this policy the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall re-instate the policy but only to cover accidental injury thereafter sustained. . . ."

The insured met with an accident on November 21, 1920, which resulted in her death December 13th following. At the time of the accident, November 21st, no payment had been made in November. On November 22nd, the next day after the accident, a payment was made to the agent of the company but the agent was not informed of the accident.

The insured was an awning manufacturer and the agent of the insurance company who secured the insurance, collected monthly premiums by calling at the office of the insured. He did not always call on the first of the month but often later and sometimes after the ten days of grace had expired. Respondents contend that by that practice the provision of the policy requiring payment of the monthly premium to be made in advance on the first day of the month had been waived. The appellant controverts that position and insists the policy was not in force at the time of the accident.

While we are inclined to the view that the evidence was sufficient to support a finding of waiver, we do not deem it necessary to pass upon that question in this case. We think the chief question involved in this case is the proper construction to be given the terms of the policy and the views we entertain on that question will determine the case without passing upon the question of waiver.

In construing this contract of insurance, we must adhere to the settled law in this State that in case of ambiguity in such a contract, it will be liberally construed in favor of the insured and forfeiture or lapse is not favored. In the application of this rule, the courts, while holding to the rule that all contracts, including insurance contracts, must be construed as written, will not give the contract an interpretation which will render its terms

unreasonable and work a hardship upon either party unless clearly required to do so by the express terms of the contract. This contract clearly is not a continuing contract of insurance but is a contract for insurance by the month as the premiums are paid and on failure to pay the monthly premium as provided the policy lapsed and the holder was then without insurance until the policy should be re-instated by another payment of premium. The policy provided that the payment of past due premiums should not re-instate the policy beyond the first day of the next succeeding month. It also provided that after lapse a payment of premium should re-instate it from date of payment only. To give these provisions a literal construction and enforce them strictly against the insured would mean that if the monthly payment was not paid on the first of the month or within ten days of grace allowed, the policy would lapse and remain without force until another payment and if that payment was not made until the last day of the month, the insured would then pay the full month's premium for insurance for one day. This construction is so unreasonable that it condemns itself. The only reasonable construction to be given the provision that the payment of past due premium shall not re-instate the policy beyond the first day of the next month is that payments are required to be made in advance on the first of the month and are past due after that date, but after the policy has been in force for three months, ten days of grace will be allowed and if a monthly payment is made within that time, that payment, although past due since the first of the month, will only extend the insurance to the first day of the next month. We think a proper construction of this policy to be that as long as the premium for a subsequent month was paid within the preceding month or on the first day of the next month or within ten days' grace allowed, the policy was kept in force, but when the days of grace expired without a payment being made, the policy lapsed and a subsequent payment cannot be held to cover a period of time during the lapse when the policy was not in force for that would

require the insured to pay something for nothing and would therefore be without consideration. There can be no premium past due or otherwise to cover a time when the policy was not in force, therefore, the only time there could be a past due premium would be after the first of the month and during the days of grace. The other provision of the policy that a payment after lapse should re-instate the policy from the date of payment only, necessarily required that such payment shall apply to the future and not the past, and hence, the re-instatement would fix a new date from which the months would be counted and would supersede the provision that each month should mean a calendar month. This construction of the policy is reasonable and fair to both parties and we think is fully sustained by the authorities in this State. [Stout v. Missouri Fidelity & Casualty Co., 179 S. W. 993; Landrigan v. Mo. State Life Ins. Co., 234 S. W. 1042; Halsey v. Insurance Company, 258 Mo. 659, 167 S. W. 951.]

It yet remains to apply the payments made by the insured to the policy and ascertain to what time the premiums had been paid at the time of the accident. The monthly payment of this policy was $2.70, but it and another were paid together and the monthly payment of the two was $5.25. By the receipt books and checks in evidence, we find the payments made from and after January 1, 1919, were as follows:

January and February, 1919, were both paid, then there was no other payment until May 19, 1919. The policy had therefore lapsed and was re-instated May 19, 1919. The payment at that time carried it to June 19, 1919. On June 3, 1919, a payment of $8.45 was made. This carried the policy to August 6, 1919, and the policy not having been re-instated for three months and no other payment having been made, the policy lapsed on that date. The next payment was August 22, 1919, and the policy was re-instated on that date. This payment covered two months and extended the policy to October 22, 1919. On September 12, 1919, one month was paid

which extended the policy to November 22, 1919. A payment of $5.25 on October 13th carried the policy to December 22, 1919. On November 15th, $5.25 was paid which carried it to January 22, 1920; $5.25 paid December 12th carried it to February 22, 1920; $5.25 paid January 16, 1920, carried it to March 22, 1920; $5.25 paid February 10, 1920, carried it to April 22, 1920; $10.50 paid April 6, 1920, carried it to June 22, 1920; $5.25 paid June 12th carried it to July 22, 1920; $5.25 paid July 3rd carried it to August 22, 1920; $5.25 paid July 6th carried it to September 22, 1920; $5.25 paid September 9th carried it to October 22, 1920. Allowing ten days of grace, the policy would not lapse until November 2nd and within that time, to-wit, October 29th, a payment of $5.25 was made which carried the policy to November 22, 1920. This was one day after the accident and hence the policy was in force on the day of the accident and it is unnecessary to consider the payment made November 22nd, one day after the accident, or the question of waiver.

The judgment is for the right party and is therefore affirmed. *Farrington, J.,* and *Bradley, J.,* concur.