ALEXANDER P. KELLY, RESPONDENT, v. ABRAHAM LINCOLN LIFE INSURANCE COMPANY, APPELLANT.*—33 S. W. (2d) 992.

Kansas City Court of Appeals. November 3, 1930.

318

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

*John E. Powell* and *Lesley R. Robinson* for respondent.

*L. M. Hyde* and *J. Hubert Fuller* for appellant.

CAMPBELL, C.—This is an action on a policy of health insurance to recover a monthly indemnity for two months sickness alleged to have begun on February 1, 1928, and for the recovery of penalties and attorneys fees for vexatious refusal to pay.

Defendant (the Mutual Life of Illinois of Springfield, Illinois, but since changed to the Abraham Lincoln Life Insurance Company) issued a policy of insurance to respondent on the 24th day of July, 1926, in consideration of a policy fee of $3 and of a premium of $12.75, by which insurance against sickness was granted to noon of November 1, 1926, and which provides insurance could be renewed for successive terms of three months by payment in advance of renewal premiums of the same amount.

The evidence on the part of plaintiff is to the effect that quarterly premiums were regularly paid after the first of November, 1926, but were ordinarily paid some five to fifteen days after the first day of the quarter and that sometimes the premium was paid as late as the 20th. The exact day when premiums were paid is not in evidence except that the premium for the quarter beginning May 1, 1927, was paid the 19th or 20th of May, and the premium for the quarter beginning February 1, 1928, was paid by check written on the 2nd day of February, 1928, and accepted by the defendant on the 11th of February, 1928. There is no evidence showing the exact day when the premium was paid for the quarter beginning August 1, 1927, nor for the quarter beginning November 1, 1927. It is shown that upon receipt of the quarterly premium paid in February, 1928, the defendant issued its receipt stating therein that the due date of the premium is February 1, 1928, and that the policy is reinstated subject to its terms and conditions.

The policy, by its terms, provides a monthly indemnity of $80 against loss resulting from illness; provided that such illness shall independently and exclusively of all other causes, totally and continuously disable and prevent the insured from the performance of any and every kind of duties pertaining to his business or occupation, and shall continuously confine him within the house. A further provision (paragraph 3, part 13) is that if default be made in the payment of the agreed premium, then subsequent acceptance

of the premium by the company shall reinstate the policy, but only to cover such sickness as may begin more than ten days after the date of such acceptance.

If the foregoing were the only provisions of the policy relating to the payment of belated premiums, then the construction of the policy would fall within the rule announced in Wiser v. Business Men's Association, 219 S. W. 102. But there are other provisions of the policy, one of which provides that if the insurance should lapse and be reinstated as provided in paragraph 3, more than twenty days after the due date of the unpaid premium, then the insurance shall extend from date of reinstatement to the end of the term which begins on the first day of the calendar month succeeding the date of reinstatement which is covered by the premium then paid. There is also a provision that the policy covers loss resulting from illness contracted fifteen days from the date thereof.

Construing these provisions together, as we must, and according to the rules applicable to insurance contracts, we hold it was intended by the insurer that upon acceptance of a quarterly premium, insurance was granted for a quarter: that is, three months premium, three months insurance.

In the case Fallis et al. v. Massachusetts Bonding & Insurance Company, 210 Mo. App. 579, 1. c. 583, 243 S. W. 217, the court in construing a similar provision said:

"It also provided that after lapse a payment of premium should reinstate it from date of payment only. To give these provisions a literal construction and enforce them strictly against the insured would mean that if the monthly payment was not paid on the first of the month or within ten days of grace allowed, the policy would lapse and remain without force until another payment and if that payment was not made until the last day of the month, the insured would then pay the full month's premium for insurance for one day. This construction is so reasonable that it condemns itself."

The same doctrine is announced by this court in Chestnut v. Security Mutual Insurance Company, 208 Mo. App. 130, 232 S. W. 203.

According to appellant's contention if the policy had been reinstated on February 20, 1928, under the provisions of said paragraph 3, then the policy would not cover sickness that begun earlier than March 2 following, and the policy would thereafter remain in force for one day less than two months, notwithstanding plaintiff had paid a full quarter's premium. "This construction is so unreasonable that it condemns itself." Especially is this true when the later provisions of the policy above referred to is considered. Under the terms of that provision if plaintiff had delayed payment of the premium until any day in February, after the 20th of that month,

then he would, by such payment, have purchased insurance for three months beginning March 1, 1928.

Instruction number 1 allowed a recovery by plaintiff in the sum of $160 upon the jury finding the facts as therein stated. It is evident from the record the verdict is based on that instruction. Error is not assigned to the action of the court in giving that instruction. We are therefore precluded from convicting the trial court of error in giving it.

Assignments of error numbers 1 and 2 are that the court erred in failing to direct a verdict for defendant. Neither of said assignments are discussed in appellant's brief and are therefore abandoned. [Wearen v. Woodson, 268 S. W. 648, 654.]

Error is assigned to the action of the court in giving plaintiff's instruction number 4. That instruction told the jury that if plaintiff did not pay premiums on the first of the month, but later in the month without objection from defendant, then such act on the part of defendant waived prompt payment. This instruction had no place in the case. The policy provides the effect of making payment of a premium later than the due date thereof. When such belated premiums were tendered the defendant had a right to accept them under the terms and conditions of the policy and such acceptance did not give to plaintiff any right except that which was given to him by the terms of the insurance contract.

All of the evidence is that plaintiff was sick and confined to his bed on the morning of February 1, 1928, and that he remained sick and confined to his bed and room and unable to attend to any business for more than two months thereafter. It is admitted by defendant that the policy was in force until noon of that day and, therefore, the instructions on the subject of waiver was harmless.

The next assignment is that it was error to give respondent's instruction number 2. That instruction allowed a recovery if the jury found that the plaintiff was ill and disabled from performing any duty pertaining to his business prior to the first day of February, 1928, at the rate of forty dollars per month for whatever length of time plaintiff was ill and unable to perform any duties pertaining to his occupation.

The allegation in respect to plaintiff's illness is that he became ill on or about February 1, 1928, "having been feeling ill for some days prior thereto and from the 1st day of February, 1928, he was sick and continued to be so each and every day for a period of two months" and that such illness totally disabled him from performing any duties pertaining to his business or occupation.

It is thus clear that instruction number 2 should not have been given. It allowed a recovery for a partial disability during January, 1928, when the only disability sued for is the total disability beginning on February 1, 1928.

This instruction is broader than the allegations of plaintiff's petition and should not have been given. It is evident however, the jury did not allow plaintiff a recovery for the illness in January, but did award two months indemnity for the total disability beginning on the morning of February 1, 1928. Therefore, the instruction did not hurt defendant.

It is urged error was committed in submitting the question of vexatious refusal to pay. There is no objection to the form in which that question was submitted. Neither did appellant ask the trial court to instruct on that subject but contented itself by requesting a general instruction to the effect that plaintiff was not entitled to recover. Appellant's contention, in this respect, is based upon the fact that in the proofs furnished by plaintiff it is stated he became ill on February 3, 1928, and that it did not have information that plaintiff claimed he became ill on the morning of February 1, 1928, until after the institution of this suit. The question relative to recover for vexatious refusal to pay was submitted to the jury by plaintiff's instruction number 3. Appellant has made formal assignments of error and the giving of instruction number 3 is not one of them. Appellant is limited to the assignments made. [Bauchman v. Railroad, 274 S. W. 764, 768.] Appellant however, does, in general terms, assign it was error to submit the question of vexatious refusal to pay.

On February 11, 1928, defendant accepted a quarterly premium and has ever since retained the same. Therefore, construing the policy as we do, it is immaterial in the determination of this question whether plaintiff became ill on February 1, 1928, or on February 3, 1928. The question of vexatious refusal to pay was for the jury. The record is free of error prejudicial to defendant, and your commissioner recommends the judgment be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The cause is affirmed. All concur, except *Trimble, P. J.,* absent.