[Civ. No. 9919. First Appellate District, Division Two.—April 16, 1936.]

GERTRUDE JACKSON, Respondent, v. WASHINGTON NATIONAL INSURANCE COMPANY (a Corporation), Appellant.

Breed, Burpee & Robinson for Appellant.

Vaughns & Larche for Respondent.

SPENCE, J.—Plaintiff, as the assignee of the beneficiary of an accident and health policy issued by defendant to William A. Jackson, sought to recover a death benefit of $1,000 for the accidental death of said William A. Jackson. Plaintiff had judgment and defendant appeals.

The sole question presented by this appeal is whether the policy was in force when said William A. Jackson was accidentally killed on October 3, 1933. Appellant contends that the payment of the premiums as hereinafter set forth continued the policy in force until October 1, 1933, and no longer, while respondent contends that said payments continued the policy in force until October 9, 1933.

The policy was dated April 26, 1924, and, in consideration of the payment of a premium of $3.75, it was provided that the company "does hereby insure William A. Jackson . . . subject to all the conditions and limitations herein-

after contained, from the day this contract is dated, 12 o'clock noon, standard time of the place where Insured resides when this policy is issued, until 12 o'clock noon, such standard time, of the *first day of June, 1924,* and for such further periods of *one calendar month* each as the renewal premium of $3.75 per month will maintain the policy in force''. (Italics ours.) The acceptance of any renewal premium was made optional with the company. It was also provided that if default was made in payment of the agreed premium, the subsequent acceptance of a premium by the company would reinstate the policy but only to cover accidental injury thereafter sustained. Clause N provided, ''The payment of a past due premium shall not continue this insurance in force beyond *the first day of the succeeding month.*'' (Italics ours.) Another provision of the policy provided, ''Any premium paid to the Company for any period not covered by this policy will be returned upon request.''

The insured's renewal receipt card shows that the premiums during the last eleven months were ordinarily paid within a few days following the first day of each month. The entries on said card relating to the last payment shown thereon were as follows: ''Herewith find $3.75 as payment of Monthly Premium on Policy No. 8363 for which please receipt below.—Date of Payment, 8/9/33.—Month on which it Applies, Sept.—Amount of Monthly Premium $3.75.—Accepted only subject to all the conditions of the policy— (Signed) M. Flory, Collector,—Jackson, Wm. A. Insured.'' Similar entries appeared on the card giving the dates of the making of the ten preceding payments and specifying the particular month for which each of such payments applied. It will be noted that the date of the last payment shown on said card was ''8/9/33'', which payment was specified as the one applying to the month of September. The next preceding date of payment appeared as ''8/4/33'', which payment was specified as the one applying to the month of August. August is the eighth month, but the parties have assumed, without making mention of any error in the date, that the payment which was dated ''8/9/33'' was made upon September 9th rather than on August 9th. Our attention has not been called to anything in the record to justify this assumption, but we will nevertheless proceed, as

have the parties, upon the assumption that said last payment was in fact made on September 9th and was not made prior to that time.

■ From what has been said we are of the opinion that the payment of the last premium on September 9, 1933, continued the policy in force until October 1, 1933, and no longer. The provisions of the policy were entirely clear and unambiguous and the payment of the past due premium on September 9th did "not continue this insurance beyond the first day of the succeeding month", to wit: October 1st. It is true under the terms of the policy that said payment caused a reinstatement of the policy only to cover injuries sustained after September 9th, and that the period between September 1st and September 9th was not covered by the policy, but it is also true that the insured was entitled under the terms of the policy to a return of the premium paid for any period not covered by the policy. We therefore conclude that said policy was not in force on October 3, 1933, when said William A. Jackson met his death.

No authority directly in point has been called to our attention and we have found none. Respondent relies mainly upon the case of *Fallis* v. *Massachusetts Bonding & Ins. Co.*, 210 Mo. App. 579 [243 S. W. 217], but in that case and others cited by respondent the policy provisions differed from those before us. ■ In said cases the rule of liberal construction was applied, but it is well settled that the rule of liberal construction in favor of the insured can only have application when the policy presents some uncertainty or ambiguity. (*Ogburn* v. *Travelers Ins. Co.*, 207 Cal. 50 [276 Pac. 1004]; *First Nat. Bank* v. *Maryland Cas. Co.*, 162 Cal. 61 [121 Pac. 321, Ann. Cas. 1913C, 1170]; *Carabelli* v. *Mountain States Life Ins. Co.*, 8 Cal. App. (2d) 115 [46 Pac. (2d) 1004].) The policy before us presents no such uncertainty or ambiguity and in the absence thereof, we cannot, by construction, read out of the policy the plain provision that "The payment of a past due premium shall not continue this insurance beyond the first day of the succeeding month." To do so would be equivalent to making a new and different contract for the parties in the place of the one which they had made for themselves.

While the case is not directly in point we may quote the language used by the court in *Fuchs* v. *Germantown Farmers'*

*Mut. Ins. Co.,* [60 Wis. 286] 18 N. W. 846, at page 847: "The difficulty with this contention is that it calls upon the court to make an agreement for the parties, instead of construing the agreement which they made for themselves. This is not the province of this court. . . . If it is true, as claimed, that the plaintiff had no contract of insurance binding upon the company during the first nine days of the year stipulated for, yet that would not authorize the court to extend the contract for a period of nine days after the expiration of the year." We may also quote the language of the court in *Scholz* v. *Standard Acc. Ins. Co.,* 145 Va. 694 [134 S. E. 728], as follows: "As we have hereinbefore stated, under the terms of the policy, if a premium was paid for any period not covered by the policy, the effect was not to extend the period of the risk, but to render the company liable for a refund of the excess. In the instant case, the period of the risk fixed by the renewal was from May 6, 1923, till May 6, 1924, and, if the policy was not in force between May 6, 1923, and July 10, 1923, that time was 'a period not covered by this policy', and, if an excess premium was charged for the period stipulated for, the effect was to render the company liable to refund the excess, and not to extend the period of the risk. Such was the contract of the parties."

As the provisions of the policy and of the renewal receipt in the present case were certain and unambiguous and were wholly consistent one with the other, we cannot sustain respondent's contention which does violence to the provisions of both.

The judgment is reversed with directions to the trial court to enter judgment in favor of the defendant.

Nourse, P. J., and Sturtevant, J.; concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 16, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.