Penn Plate Glass Company, use of Emanuel Werthei-
mer, Receiver, etc., *v.* Spring Garden Insurance Com-
pany, Appellant.

*Insurance—Fire insurance—Stipulation as to time—Cancelation.*

A stipulation in a policy of fire insurance that the insurance shall begin
at noon and expire at noon of the days named is entirely lawful, and be-
comes the special rule for the fixing of dates so referred to, but it does
not apply to another clause providing that the policy " shall be canceled
at any time at the request of the insured, or by the company by giving
five days' notice of such cancelation." The latter clause will be governed
by the general rule of excluding the first day and counting the days as
legal days beginning and ending at midnight.

A policy of fire insurance stipulated that the insurance should begin at
noon and expire at noon of certain days named. The policy also contained
this clause : " This policy shall be canceled at any time at the request of the
insured, or by the company by giving five days' notice of such cancelation."
The property was destroyed on April 12, by a fire which began at 10 : 30 P. M.
In an action upon the policy, the company's affidavit of defense averred that
notice of the cancelation had been given to the plaintiff on April 7, but
did not specify the hour when the notice was given. *Held,* that the affi-
davit of defense in this particular was insufficient.

*Insurance—Fire insurance—Appraisement—Evidence.*

An appraisement provided by a policy of fire insurance gets its entire
force from the joint act of the parties through their agents, and where it
is ex parte and, though averred by plaintiff in his statement, is denied by
defendant it goes for naught, and is not evidence at all, either on a motion
for judgment or at the trial.

If a fire insurance company omits or refuses to join in an appraisement
provided by a policy, its rights cannot be prejudiced thereby, because the
agreement to appoint appraisers is revocable ; and the company cannot
be estopped by a denial of liability from requiring that if its liability is
established the amount of it shall be proved by competent evidence.

The rule as to waiver by estoppel laid down in Gould v. Ins. Co., 134
Pa. 570, has no application to such a case.

Argued Nov. 11, 1898. Appeal, No. 218, Oct. T., 1898,
by defendant, from order of C. P. No. 2, Allegheny County,
Oct. T., 1898, No. 72, making absolute a rule for judgment for
want of a sufficient affidavit of defense. Before GREEN, Mc-
COLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Assumpsit upon a policy of fire insurance. Before WHITE, P. J.
The statement of claim averred that the property insured

had been destroyed by fire about 10 : 30 o'clock P. M., on April 12, 1898; that on April 14, 1898, the defendant was notified of the fire, but refused or declined to participate in any ascertainment of the loss, or to appoint appraisers as provided in the policy; that appraisers appointed by the plaintiff and other insurance companies appraised the property destroyed, and that the defendant's liability was fixed by such appraisement at the sum of $2,099.77. The defendant filed the following affidavit of defense :

The Spring Garden Insurance Company, represented by Clarence E. Porter, who is the secretary of said company, defendant, being duly affirmed, doth depose and say :

The said defendant has a just and lawful defense to the whole of plaintiff's claim, the nature and character of which is as follows, to wit : On April 5, 1898, the Penn Plate Glass Company, by its duly authorized agent, made application to J. T. Cort, the agent of defendant company at Jeannette, Westmoreland county, Pa., for a policy of insurance for $3,000 in defendant company, and on said day defendant's said agent countersigned and delivered policy No. 5112 of defendant company to said agent, said policy being in the sum of $3,000. Defendant's said agent made report of said transaction to defendant, which report was received at the home office in Philadelphia, Pennsylvania, on April 7, 1898. Defendant being unwilling to ratify said transaction or to assume the risk covered by said policy, instructed its said agent by telegram to immediately cancel said policy, the said telegraphic message having been sent on April 7, 1898, and having been received by the said J. T. Cort, agent aforesaid, on the same day, as affiant is informed, believes and expects to be able to prove. The said J. T. Cort did, on the same day, to wit : on April 7, 1898, duly notify the agent of the said Penn Plate Glass Company of said instruction and of the cancelation by defendant of said policy, the said agent of the Penn Plate Glass Company being duly authorized to receive such notice of the cancelation of said policy, of all of which affiant is informed, believes and expects to be able to prove. The Penn Plate Glass Company had not theretofore and has not since paid the premium which was the consideration for said policy, or any part thereof. By the terms of said policy, the defendant was entitled to cancel the same

by giving five days' notice of such cancelation, as appears by lines fifty-one and fifty-two in the copy of the policy filed as part of plaintiff's claim. The loss upon which plaintiff bases its claim in this case did not occur until April 12, 1898; wherefore the plaintiff had five days' notice of the cancelation of said policy by defendant prior to the time when the alleged fire took place. The defendant accordingly denies that the plaintiff is entitled to recover any sum whatsoever upon said policy against the defendant.

For further defense the defendant by the above named affiant says, that even if said policy was not canceled at the time when plaintiff's alleged loss by fire occurred, it is not true that plaintiff would be entitled to recover the sum of $2,099.77, on said policy from the defendant, but the fact is that the proportion of plaintiff's loss which the defendant would be bound to pay under the terms of said policy, would be much less than said sum, as affiant is informed, believes and expects to be able to prove, on the trial of this case.

The supplemental affidavit of defense was as follows:

In addition to the defense set forth in the former affidavit whereby defendant denies liability for any part of the plaintiff's claim in this case, the defendant doth further depose and say: It has a just and lawful defense to a part of the plaintiff's claim, even if the policy sued on were valid and existed at the time of the fire as alleged in the plaintiff's statement of claim, the nature and character of which is as follows, to wit: The plaintiff claims to be entitled to recover from the defendant the sum of $2,099.77 on said policy, on the ground that said amount would be the defendant's proportionate share of the loss sustained by the plaintiff through said fire. The defendant is informed, believes and expects to be able to prove, that plaintiff based said averment on the ground that plaintiff's loss upon buildings injured by said fire was $62,000 and upon equipment, so injured, was $228,734.63, and upon stock so injured was $42,034.24, making a total loss upon said items of $332,768.67, which was covered by insurance in various companies, amounting in all to $475,435.69. The defendant is informed, believes and expects to be able to prove that plaintiff's loss, by reason of said alleged injury to the plaintiff's equipment covered by said various policies of insurance, was

not so much as $228,734.63, but on the contrary did not exceed the sum of $60,000, and that therefore the plaintiff's total loss covered by said various policies of insurance was not the sum of $332,768.67, but on the contrary it did not exceed the sum of $164,034.24, and that the proportionate share of said loss which, under the terms of said policy sued on in this case, should be borne by the defendant, would not be the sum of $2,099.77, but on the contrary would not exceed the sum of $1,035.

Moreover the plaintiff has not paid the premium on said policy of insurance or any part thereof; said premium, as shown by said policy of insurance was the sum of $52.00. If said policy was not canceled, but was valid and existent at the time when the alleged fire occurred, the whole of said premium or sum of $52.00 is justly owing by the plaintiff to the defendant, and the defendant is in law and equity entitled to deduct the same from any amount which would otherwise be owing on said policy by the defendant to the plaintiff, wherefore, if deducted, the whole amount so owing could not exceed the sum of $983.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Samuel S. Mehard,* for appellant.—The court erred in holding that the facts set forth in the affidavit of defense were not sufficient to show that the policy in suit had been canceled by defendant before plaintiff's loss occurred.

The court erred in holding that the defense set forth in defendant's supplemental affidavit was without merit and was insufficient to prevent judgment: Bronson v. Silverman, 77 Pa. 94; Moeck v. Littell, 82 Pa. 354; Kaufman v. Iron Co., 105 Pa. 537.

The court erred in holding that the defendant was estopped from showing that if plaintiff was entitled to recover any amount it would be over $1,000 less than plaintiff's claim: Bigelow on Estoppel (3d ed.), 484; Com. v. Moltz, 10 Pa. 527; Patterson v. Lytle, 11 Pa. 53; Kline v. McCandless, 139 Pa. 223; Eldred v. Hazlett, 33 Pa. 307; Waters's App., 35 Pa. 523; Wright's App., 99 Pa. 425; Gray v. Wilson, 4 Watts, 41;

Mentz v. Armenia Fire Ins. Co., 79 Pa. 478 ; Assurance Co. v. Hocking, 115 Pa. 407; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Lebanon Mut. F. Ins. Co. v. Erb, 112 Pa. 149 ; Bonnert v. Ins. Co., 129 Pa. 558; Gould v. Ins. Co., 134 Pa. 570.

*S. Schoyer, Jr.,* with him *S. B. Schoyer* and *Wm. Kaufman,* for appellee.—The policy had not been validly canceled, and was in full force at the time of the fire : Scheibner v. Baer, 174 Pa. 482; 2 Joyce on Ins. sec. 1339.

The defendant having refused to pay the loss on the ground of its alleged cancelation of the policy in suit is estopped from asserting that, in the event the policy is held to be valid, it is to be relieved from a portion of its liability, because of over appraisement: McCormick v. Royal Ins. Co., 163 Pa. 184 ; Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346.

The policy issued by the defendant established by contract a tribunal of its own, which has exclusive jurisdiction of the ascertainment of sound values, aggregate losses and apportionment. The defendant company, not even having attempted to establish such a tribunal, is now estopped from setting up as a defense to this suit that it is not liable on the policy to the amount claimed by the plaintiff.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

The policy stipulates that the insurance under it shall begin at noon and expire at noon of the days named. Such an agreement is entirely lawful and, of course, becomes the special rule for the fixing of dates so referred to. But it is by no means clear that it is intended to apply as the rule for all computations of time under the policy. The object of the clause is to fix with precision the term covered by the insurance and thereby to avoid possible dispute on the fundamental basis of any liability for loss. The same reason does not apply with equal force to the question of time on collateral matters, such as the stipulated protection for five days of property removed on account of danger of fire, the sixty days after adjustment of amount when the loss is to become payable, or the five days' notice of cancelation as involved here. The application of such a special rule for computation might be extremely inconvenient and doubtful, as for example if goods had been removed in this case to save them

from the fire, starting at 10:30 P. M. on April 12, what period should the five days' special protection cover? From noon of the 12th to noon of the 17th would afford the insured less actual time than he was entitled to, while from noon of the 13th to noon of the 18th would give him more. The result would be no more accurate than by the application of the general rule of excluding the first day and counting the days as legal days beginning and ending at midnight. This method, disregarding fractions of a day, is the general rule, and would appear to be the better construction of the policy in suit. But all question in the present case is obviated by the absence of any evidence or averment in the affidavit of defense of the hour on April 7 when notice of cancelation was given to the plaintiff. The first assignment of error is overruled.

But the other assignments must be sustained. The affidavit of defense sets up clearly and specifically in the established and approved form that defendant " is informed, believes and expects to be able to prove " that the plaintiff's loss in respect of equipment was not $228,734 as claimed but did not exceed $60,000, and the amount of defendant's liability, if liable at all, was not $2,099 as claimed in the statement but would not exceed $1,035. This was sufficient to prevent judgment and put the plaintiff to proof of the amount of its loss. The plaintiff relied on the appraisement, but that is never conclusive, and is not even evidence at all unless made so by the parties uniting in it. It gets its entire force from the joint act of the parties through their agents, and where it is ex parte and, though averred by plaintiff in his statement, is denied by defendant, it goes for nought and is not evidence at all either on the motion for judgment or at the trial.

But the court below was of opinion that by defendant's refusal to join in the appointment of appraisers, coupled with a total denial of liability, defendant was estopped from disputing the amount of the loss as estimated by appraisers appointed by other insurance companies and by plaintiff, ex parte as regards this defendant. This was a serious error. There was no element of estoppel in such action. The policy provides that, in case of disagreement as to the amount of loss, it shall be ascertained by appraisers, and further that no action shall be brought on the policy until after compliance with all its requirements,

among which is that relating to appraisers.    Such appraisement or the effort to have it would be at the most a condition precedent to an action by the insured, and the failure to have it a ground for a plea in abatement by the company.    Refusal to join in the appointment of appraisers, or denial of liability altogether, either or both, would estop the defendant from such a plea, but it could go no further.    The provision of the policy in this respect raises a preliminary question for the court in the same manner and with the same limited effect as the analogous question of proofs of loss, which is discussed and determined by our Brother DEAN in Cole v. Fire Assurance Co., 188 Pa. 345.    Neither appraisement nor the technically so-called "proof of loss" is of itself competent evidence of the fact or amount of loss except as against a party who has made it his own act by joining in it.

But it has been held that the condition of the policy as to appraisement before suit is in substance no more than an undertaking to refer to arbitrators to be chosen in the future, and therefore revocable.    Suit by the insured without preliminary appraisement has been sustained because the agreement being revocable could not bind him: Mentz v. Ins. Co., 79 Pa. 478; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Yost v. McKee, 179 Pa. 381.    The same rule must apply to the other party to the contract, and therefore if the defendant company omits or refuses to join in an appraisement, its rights cannot be prejudiced thereby, and it certainly cannot be estopped by a denial of liability from requiring that if its liability is established, the amount of it shall be proved by competent evidence.

The learned judge below refers to McCormick v. Ins. Co., 163 Pa. 184, but that case falls far short of sustaining the present judgment.    If a defendant by his action misleads the plaintiff as to a certain line of defense he may be estopped from bringing forward that defense at the trial, but he is not thereby estopped from requiring the plaintiff to prove the ground on which he is allowed to recover.    The principles by which the subject of waiver by estoppel, in regard especially to insurance companies, is governed, were carefully considered and intended to be settled in Gould v. Ins. Co., 134 Pa. 570, and the authority of that case has been affirmed in Everett v. Ins.

Co., 142 Pa. 332, Whitmore v. Ins. Co., 148 Pa. 405, Freedman v. Fire Assn., 168 Pa. 249, Freedman v. Ins. Co., 175 Pa. 350, and other cases.   In the last mentioned it was said by FELL, J.: " In most of the cases in which it has been held that an insurance company by specifying one ground of defense was estopped from asserting other grounds at the trial, the failure of the insured has been in not complying with a condition precedent to the right of action, and they came within the rule stated in Gould v. Insurance Co., or were decided upon the ground of express waiver.   In McCormick v. Royal Ins. Co., by mutual understanding of the parties, the only matter in controversy between them was the ownership of the property destroyed; all other grounds of defense had been relinquished. Suit having been brought with this understanding to determine the question of ownership, and nothing else, it was held that the company could not be permitted to defend on the violation of a clause in the policy regulating the manner in which the lumber should be stored."   In the very numerous cases of this class upon insurance policies, most of them as said by our Brother FELL, supra, turning on technical defenses upon conditions precedent to the right of action, there are no doubt some in which there is room for difference of opinion as to the application of the principles laid down in Gould v. Ins. Co., but in no case has there been any effort or intention to change or impair those principles as the guide to decision.   The judgment in the present case is far outside of the rule there laid down.

Judgment reversed and procedendo awarded.