## MacDonald *v.* Metropolitan Life Insurance Co., Appellant.

Argued April 24, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*A. G. Dickson,* for appellant.—The term of the reinstated contract was fixed.

Loss of coverage for part of term is not ground for change of policy terms: Sydnor v. Ins. Co., 26 Pa. Superior Ct. 521; Northern Cent. Trust Co. v. Ins. Co., 53 Pa. Superior Ct. 425.

Reinstated contract was not a new contract: Mut. L. Ins. Co. v. Dreeben, 20 Fed. (2d) 394.

The term of the reinstated contract was same as those of the original policy.

*Algernon R. Clapp,* with him *White, Parry, Schnader & Maris,* for appellee.—The reinstatement of the policy

constituted a new contract between the parties: New York L. Ins. Co. v. Seymour, 45 Fed. (2d) 47; Schmitt v. Protective Assn., 32 Fed. (2d) 61; Equitable Assurance Society v. McElroy, 83 Fed. 631.

Ambiguities in insurance policies must be construed in favor of the insured and against the insurer: Northern Central Trust Co. v. Ins. Co., 53 Pa. Superior Ct. 425; Francis v. Ins. Co., 243 Pa. 380; Brams v. Ins. Co., 299 Pa. 11; McMaster v. Ins. Co., 183 U. S. 25; Anthony v. Grier, 57 Pa. Superior Ct. 320.

Appellant's acceptance of a premium for six months' coverage, coupled with its failure to specify a term of less than six months, necessarily implies an intention to cover the insured for the full period of six months: McGuire v. Ins. Co., 94 Pa. Superior Ct. 457; McDonough v. Ins. Co., 85 Pa. Superior Ct. 63; Mills v. Ins. Co., 57 Pa. Superior Ct. 483.

OPINION BY MR. JUSTICE WALLING, May 25, 1931:

On July 18, 1929, Thomas W. MacDonald, husband of Elizabeth MacDonald, the plaintiff, took out a $5,000 accident policy in her favor with the Metropolitan Life Insurance Company, defendant, for the term of six months, for which he paid $9.90 as premium. This term expired January 18, 1930. The policy contained, inter alia, a clause that "This policy may, with the consent of the Company and subject to all of the terms, conditions and provisions of this policy, be periodically renewed upon each successive expiration, for a further period of equal number of months, upon the payment of the premium herein stated, as the premium for each such successive renewal. ...... Upon each such renewal a grace of thirty-one days, without interest charge, shall be granted for the payment of the premium, during which period the insurance shall continue in force provided such payment is made within such period of grace"; also that, "If default be made in the payment of the agreed premium for this policy, the subsequent ac-

ceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained." The policy also provided that: "Failure of the insured or beneficiary to comply with any of the provisions or requirements of this policy shall invalidate all claims." The insured did not ask for or receive a renewal of the policy prior to its expiration or within the thirty-one days thereafter; but on February 25, 1930, he paid the defendant's agent $9.90, being six months' premium, for which on March 1, 1930, he received a receipt, inter alia, as follows: "Receipt of the premium for the policy as numbered below is hereby acknowledged and such policy is continued in force, subject to all its terms and conditions, from noon of the 'date due' and for the 'period' stated below, provided this payment is made on or before the 'date due' or within 31 days thereafter. Otherwise no insurance shall be in force subsequent to the 'date due' unless and until such payment shall be made. This receipt is not valid unless countersigned by a duly authorized representative of the Company." This was properly countersigned and thereafter, on August 24, 1930, Thomas W. MacDonald, the insured, met his death in an automobile accident. The question here is whether the reinstatement of the policy was from the expiration of the first six months (January 18, 1930), or from the countersigning of the receipt (March 1, 1930). The trial court, taking the latter view, entered judgment for plaintiff, from which the defendant brought this appeal.

We find no reason to differ from this conclusion. While so far as appears there is no similar case in Pennsylvania, the weight of authority elsewhere sustains the conclusion of the trial court. MacDonald paid for the first six months' period and had his protection during that time; then by failing to renew it during that period, or within the thirty-one days of grace, he forfeited all rights under the policy. It was dead in effect, and

had given him no protection except during the first six months. With its expiration the company's liability ceased, and again arose only on approval of the receipt for the payment of February 25th. The payment of $9.90 for reinstatement not having been made within the thirty-one days, no insurance was in force until such payment; in fact, not until the receipt was countersigned, as the latter expressly so provides. To hold that the policy, reinstated for six months, began that term on January 18th, is to pay the company for a risk during the six weeks which it did not incur. As the trial court says: "If the contention of defendant is sound, then MacDonald, for the payment of the six months' premium, received insurance for only four months and eighteen days. Likewise, if the contention of defendant is sound, the payment of the premium five months after the expiration of the original term would have given MacDonald insurance for one month only, and the payment of the premium six months after the expiration of the original term would have given him no insurance at all. It is admitted by defendant that the premiums on such policies did not increase with age, but remained constant. MacDonald could, therefore, have taken out a new policy, covering him for a full period of six months, by payment of the same premium."

Where, as here, it is optional with the company whether or not to reinstate an expired policy, the act of so doing constitutes a new contract and starts a new period of coverage. See International Life Ins. Co. v. Mowbray, 22 Fed. (2d) 952; also Equitable Life Assur. Society v. McElroy et al., 83 Fed. 631. "After a policy has ceased to be in force, because of nonpayment of a premium, an agreement for reinstatment of the policy is a new contract": Wastun v. Lincoln Nat. Life Ins. Co. of Ft. Wayne, Ind., 12 Fed. (2d) 422. In such case the time is computed from the date of reinstatement: Travelers Protective Assn. v. Ziegler, 250 S. W. (Texas) 1115. In the absence of an express agreement to the

contrary, premiums will be so applied as to give the insured the protection for which he pays. "A construction which gives insured insurance for a less period of time than that covered by the premium which he has paid should not be adopted": 32 C. J. 1165. "Where a policy provides for reinstatement, but only as to losses subsequently occurring, the company upon reinstatement of the policy is not liable for a loss occurring while it was suspended. In such case no part of the premium paid on reinstatement will be applied to the period during which the policy was not in force unless the agreement of the parties so provides": 32 C. J. 1357.

A contract of insurance will, if possible, be so construed as to protect the insured and doubts, if any, will be resolved in his favor. See Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167; McMaster v. New York Life Ins. Co., 183 U. S. 25; Brams v. New York Life Ins. Co., 299 Pa. 11; Francis v. Prudential Ins. Co., 243 Pa. 380; Fallis v. Massachusetts Bonding & Ins. Co., 243 S. W. (Mo.) 216. This rule is also applicable as to the life of the policy: Kessler v. Commercial Casualty Ins. Co., 146 So. (Ga.) 506; Lale v. Businessmen's Assur. Co. of America, 275 S. W. (Mo.) 962. If the company, in the instant case, intended the reinstated insurance to commence January 18th, it should have so stated. True, the receipt states that where the payment is made within the thirty-one days of grace the policy shall be continued in force for six months from the 'due date'; but contains no such provision where payment is made, as here, at a later period. The date at which the reinstated policy is to begin being uncertain must be so construed as to protect the policyholder. We are not persuaded that the provision giving the insured a certain right to participate in the surplus after the third policy year is important in determining the time covered by the reinstated insurance.

The judgment is affirmed.