EVA EISENBERGER, EXECUTRIX, ETC., RESPONDENT, v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY, APPELLANT.

Submitted January 29, 1932—Decided March 14, 1933.

Before Justices PARKER and CASE.

For the appellant, *Philip J. Schotland.*

For the respondent, *Joseph T. Lieblich.*

PER CURIAM.

The suit is on a policy of accident insurance. The original policy bore date October 4th, 1927, to run until October 4th, 1928. By the tenth "general provision" it was provided that "this policy with the consent of the company may be renewed for the same premium and for the period of time provided herein, by payment in advance of the premium herein mentioned * * *." The third "standard provision" reads: "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained."

The policy term expired on October 4th, 1928. No new premium was then paid. But on October 22d the insured paid a new premium, and the agent issued a receipt on the company's blank, "continuing in force Policy No. 5,233,458 to the 22d day of October, 1929, at twelve o'clock noon subject to all the conditions and agreements in the original policy." The receipt is dated October 22d, 1928.

This suit is founded on an accident which occurred on October 12th, 1929, and the defense made was in substance that the payment of October 22d, 1928, related back to October 4th, so that the policy year had expired on October 4th, 1929, and there was no insurance in force on the 12th. But we think this point is without substance. No such contract is evidenced by the receipt, which expressly extends the policy term to October 22d. The stub sent to the company gives its date, October 22d, 1928, as its "due date," and while not so explicit as the receipt, put the company on notice of a premium for a year, accepted as due on October 22d and not on October 4th. If the "provisions" of the original policy be read into the receipt, so far as consistent therewith, we find that clause 3, above quoted, relating to reinstatement, deprives the insured of protection for any period anterior to the payment of premium. Very likely the agent should have used another form of receipt appropriate to the reinstatement of a lapsed policy, but this he did not do. His authority to issue the receipt now in question was challenged at the trial, but is conceded here, and hence we are dealing only with construction of the language used, which, it is true, "continues in force" the policy, but to October 22d, 1929, or a year from the date of the receipt, with no coverage of the period from the 4th to the 22d of October, 1928.

It is suggested that the insured desired what is called a "renewal" instead of a new policy, in order to have the benefit of certain accumulations provided in the policy; and hence the "renewal" should run from the expiration date. But the word "renewal" does not necessarily connote a continued series of two or more. It seems to have no strictly legal meaning. 54 C. J. 379. Moreover, the suit was only for the face of the policy, and while plaintiff at the trial asked a judgment including accumulations, this was denied as not in the record. Consequently that element is out of the case.

The court appears to have directed a verdict for the face of the policy with interest. This, as the case was presented, was correct. The judgment will be affirmed.