JONES, Respondent, vs. PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.

*June 6—June 21, 1939.*

*Marvin M. Fein* of Milwaukee, for the appellant.

For the respondent there was a brief by *Carbys & Wolf* of Milwaukee, attorneys, and *Ferris M. White* of River Falls and *Miller, Mack & Fairchild* of Milwaukee of counsel, and oral argument by *J. Gilbert Hardgrove* of Milwaukee and *J. O. Carbys.*

FOWLER, J. The suit is brought to recover for death under an accident insurance policy. It is before us on appeal from an order overruling a demurrer to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action. The policy as written for a premium of $110 paid insured Frank W. Jones against death by accident for one year from June 4, 1933. It provided that it might "be renewed with the consent of the company, by the payment of the premium in advance, subject, however, to all the conditions and provisions of the policy." It appears that premiums were paid which kept the policy in force to June 4, 1935. It is alleged that it was agreed on or about that time that the policy would be renewed for six-month periods by payment of semiannual premiums instead of for a year by payment of annual premiums. At that time the insured defaulted in his premium payment. The insured died on July 29, 1936. Recovery was sought upon the policy on the original complaint herein on the theory that by a course of conduct between the parties credit was extended for the payment of premiums on the policy, and that by force of this custom credit was extended for the premium, and the policy was renewed by force of such extension of credits and payment of premiums fully paid to June 4, 1936, and that by force of the custom to extend credit for premiums and a payment on August 22, 1936, accepted by the defendant, the policy was renewed and was in force at the time of the insured's death on July 29, 1936.

The trial court overruled a demurrer to the original complaint, and this court on appeal in 226 Wis. 423, 275 N. W. 897, reversed the order and remanded the case for further proceedings. The ruling of this court was that by the terms of the renewal clause of the policy above quoted the policy could only be renewed by payment of the premiums by such payment before they fell due, and that plaintiff's rights, whatever they were, rested on another clause of the policy which provided that on default of payment of a premium under the

policy "the subsequent acceptance of a premium by the company . . . shall *reinstate* the policy, but only to cover loss resulting from accidental injury thereafter sustained." And as death occurred before the premium of August 22, 1936, was paid, the complaint failed to show right of recovery.

The dates of the payments by which it was claimed by the plaintiff that the policy was in force to June 4, 1936, were not given in the original complaint. On return of the record to the circuit court the complaint was amended to show that one payment of $55 was made on January 4, 1936, and another on April 27, 1936. The first of these premium payments was made more than six months after the due date on or before which a payment had to be made to operate as a renewal. The payment was made by the insured for the purpose and was accepted by the company with the intention of reinstating the policy and thus effecting insurance. The payment thus effected insurance. Insurance could only be effected by applying the payment to cover a period that included the time of payment as by the terms of the provision for reinstatement, reinstatement only put the policy in force as to results of accidents that occurred subsequent to the reinstatement. That reinstatement put the policy in force to cover accidents subsequent to reinstatement was squarely held by the decision of this court when the case was formerly before us and thus became the law of the case. The policy being reinstated by the payment on January 4, 1936, the period during which that payment reinstated the policy would necessarily begin either on December 4, 1935, when by default of payment the policy expired or on the date of that payment. The insured had been without coverage for the period from June 4, 1935, to January 4, 1936. The insured thus got no coverage at all for the payment of January 4th and its acceptance unless the payment be held to cover a period following the payment. To effectuate any consideration whatever for the premium paid on January 4th it must be held to cover a period including that date. The payment

could be retained only on the theory that it reinstated the policy, and reinstatement only covered results of subsequent accidents. The company having retained the payment it must give something in return, and to do this it must so apply the payment as to cover future accidents. Otherwise by successfully retaining payments received a few days after the term period subsequent to the expiration of the policy, the company might retain premiums for many years without ever giving any coverage whatever for it. We are of opinion that any payment accepted by the company must be applied by the company either to cover the current period of the policy or to cover a period commencing at the date of the payment. Either such application would make the policy in force on April 27, 1936, and the payment on that date would renew the policy for another six months and put it in force at the date of the death, July 29th. Only thus can constructive fraud upon the insured be obviated. The company is not obliged to reinstate a policy after default has occurred. But if it accepts premiums it reinstates the policy. Reinstatement implies putting the policy in force, and to put it in force the company must so apply the payment as to give the insured coverage for it. The insured was under no obligation to pay the company the premium for the six months following June 4, 1935. The insured did not owe the company the amount of that premium. The decision of the court when the case was formerly before us also decided that. It held there was no extension of credit. Thus no debt was created. And application of the premium paid January 4, 1936, to the previous period could not be made by the company unless a debt therefor existed.

The only thing that in our view could obviate the above is that a copy of the policy is attached to the complaint. It shows no indorsements of change to semiannual instead of annual premium payments or of commencement and expirational dates from June 4th to December 4th. The policy provides that no changes can be made unless indorsed by an officer of the company on the policy. The defendant claims

that the policy is pleaded by attachment of a copy of it to the complaint, and that such copy shows no indorsement of change in the period of the policy or the dates of the commencement and end of its terms. But the pleading of the policy by copy is of the policy as *originally* issued. The allegation as to changes is that they were made. The defendant contends that a change cannot be pleaded without pleading an indorsement showing it. To the contention that an agreement to make such a change must be indorsed on the policy it may be said of a reinstatement receipt as said in *State ex rel. Time Ins. Co. v. Smith,* 184 Wis. 455, 479, 480, 200 N. W. 65, in respect of a "renewal receipt," that a reinstatement receipt "becomes in legal effect a part of the policy." The court was in that case considering the same standard policy provisions in accident policies that are here involved. A standard provision then was and now is: "No change in this policy shall be valid unless approved by an executive officer of the insurer and such approval is indorsed hereon." This provision is contained in the instant policy. The commencement and expiration of accident policies then was and now is required to be stated in the policies. Sec. 204.31 (2), Stats. It was contended by the insurance commissioner in the *Time Ins. Co. Case, supra,* that the practices of the companies in issuing renewal receipts which gave the date of the commencement and expiration of the renewals instead of issuing new policies or indorsing the change as to these dates on the policy itself was not in compliance with the provision of sec. 204.31 (2) above stated. In respect to this the court held that a renewal receipt countersigned by an agent of the company on a printed form concluding as follows:

"Countersigned and issued ———— at ———— the ————
day of ————, 192——.
By ————.      E. G. Timme,      H. G. B. Alexander,
Policy writer.      Secretary.      President."

was sufficient to put or keep a policy in force. It was said in the opinion that "the [such] renewal receipt becomes in legal

effect a part of the policy and we need not determine whether the contract continues or a new contract comes into existence." Upon like reasoning like effect should be given to a like reinstatement receipt. It does not appear from the complaint that any receipt was given or by what means the agreement for change of the period of coverage was made that was pleaded as made on or about June 4, 1935. For all that appears such an agreement may be indorsed on the policy. Or the putting of the contract into effect, whether considered as a new contract or a modification of the original contract, may be evidenced by the receipt given for the money paid on January 4, 1936. Or it may conceivably be evidenced by some other form of contract then made, or perhaps by some facts that then occurred. The making of the agreement is pleaded as a fact and the demurrer admits the fact pleaded, just as the pleading of the making of a contract required by the statute of frauds to be made in writing may be pleaded as made without stating that it was so made and becomes admitted by demurrer. *Pettit v. Hamlyn,* 43 Wis. 314; *Arzbacher v. Mayer,* 53 Wis. 380, 10 N. W. 440; note, 49 L. R. A. (N. S.) 2.

Recurring to the point when the period of coverage effected by the January 4th payment began and ended, no case is called to our attention, and we find none, that involves a payment reinstating a defaulted policy that was made after expiration of the period of the policy next after the default. Thus we have no case precisely in point. In all cases involving payments after the due date of the payment essential to continue the policy in force, the payment has been made during the period ensuing immediately after the default, so that by the terms of the reinstatement provision that the acceptance shall only cover injuries thereafter sustained, the acceptance creates some coverage, instead of as in the instant case, wherein the payment would create no coverage at all unless construed to imply coverage for a period commencing subsequent to the period elapsed. In *MacDonald v. Metro-*

*politan Life Ins. Co.* 304 Pa. 213, 155 Atl. 491, 77 A. L. R. 353, payment was made after the period had expired within which payment must be made to renew the policy. The same provision as here was involved that payments after default should reinstate only as to accidents subsequent to the acceptance. The court held that the acceptance of the payment reinstated the policy to cover a period of six months after the time of payment, under a receipt reciting that it continued the policy in force "from noon of the date due" and for the "period stated below [six months], provided this payment is made on or before the 'date due' or within thirty-one days thereafter." The payment was not made within thirty-one days, but seven days later. The court held that this receipt created coverage for six months subsequent to its date, otherwise the payment would include coverage for a period of six weeks when the insured had no coverage. A note to this case in 77 A. L. R. 357, collects and states the cases on the point when coverage begins upon "reinstatement, renewal, or revival of insurance policy after default." Some of them are based upon the idea that a new contract is made by acceptance of payment after default, others on the idea that the payment continues the policy in force, but it would seem to be immaterial, as stated in the quotation from the *Time Ins. Co. Case, supra,* whether the payment and acceptance constitutes a new contract of insurance or modification of the old as to dates of the commencement and end of the term of coverage. Coverage is created, and insurance is created where it did not immediately theretofore exist. That is the controlling fact under the allegations of the amended complaint before us. The following cases support the view that the coverage created by reinstatement begins with the date of acceptance of the payment: *Kesler v. Commercial Casualty Ins. Co.* 39 Ga. App. 197, 146 S. E. 506; *Lale v. Business Men's Assurance Co. of America* (Mo. App.), 275 S. W. 962; *Stout v. Missouri Fidelity & Casualty Co.* (Mo. App.) 179 S. W. 993; *Fallis v. Massachu-*

*setts Bonding & Ins. Co.* 210 Mo. App. 579, 243 S. W. 217. Several of the cases cited in the A. L. R. note fix the period covered by reinstatement as commencing on the date of the expiration of the previous term, but it must be borne in mind that in all these cases the holding of the court created coverage—some coverage at least, whereas the instant payment of January 4, 1936, created none whatever unless applied to create future coverage. The holding of these cases does not imply that payment may be accepted and retained without granting coverage. They do not imply that the company may take money for insurance and yet grant no insurance. The cases cited in appellant's brief all grant or imply some coverage. The rule of the *McDonald Case, supra,* that coverage commences on payment, is the more just. Payment having been made for six months' coverage, coverage for the full period of six months should be given, although whether the coverage granted in the instant case commences at the date of payment, or immediately following the expiration date named in the policy, is immaterial. The crux of the case is that acceptance of payment after default by the statute constitutes reinstatement and reinstatement must create coverage or it works fraud. We may not assume that the legislature intended that the statute should so work, and a construction of the statute to avoid that result must be adopted if it reasonably may.

Under the principle of *Wright v. Wrightstown-Morrison F. Mut. Ins. Co.* 222 Wis. 462, 269 N. W. 317, that no payment of premiums can be exacted for periods which a policy does not cover, the retention of the premium of January 4th must be construed as implying future coverage. In that case the holder of a policy issued by a town mutual company defaulted. Seven months thereafter he made a payment of the amount necessary to relieve him from this default and reinstate his policy. In the meantime other losses had occurred and a new assessment had been made to cover these losses. Claim for this assessment was also made against the

insured which he refused to pay. On the insured sustaining a loss, he demanded payment therefor from the company, and the company refused to pay because he had not paid the later assessment also. The policy provided that upon a default occurring the policy ceased to be in effect until reinstatement occurred. The court held that the company was not entitled to cancel the policy for the insured's refusal to pay the later assessment because he was not insured when the losses covered thereby occurred and held the plaintiff entitled to recover. With equal reason a payment made to reinstate a policy cannot be applied to payment of insurance for a period during which no insurance existed.

*By the Court.*—The order of the circuit court is affirmed.