275 P.2d 675

Norma Lois COOPER, Plaintiff and Respondent,

v.

FORESTERS UNDERWRITERS, Inc., Defendant and Appellant.

No. 8105.

Supreme Court of Utah.

Oct. 29, 1954.

State v. Crank, 1943, 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542.

3. 127 A.L.R. 1136.

4. 20 Am.Jur. 483, Sec. 570, Evidence.

Romney & Boyer, Salt Lake City, for appellant.

Frank E. Moss, County Atty., Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Defendant is a fraternal benefit society which issued a certificate insuring the plaintiff against medical, surgical and hospital expense. The policy required payment in advance of monthly premiums and provided that all periods of insurance shall begin and end at twelve o'clock noon of the last day of the month beginning March 31, 1951. A grace period of 31 days after the premium was due was granted under the contract, during which time the insurance was to remain in full effect. Plaintiff did not pay her premium for the months of September and October until October 31, 1951, in the evening. She submitted a claim against the society for reimbursement of

medical expenses arising from an injury sustained during the afternoon of October 31st. When the society denied liability, she brought suit and the lower court concluded that the certificate of insurance held by plaintiff was in full force and effect throughout the 31st day of October, 1951, when she was injured, and entered judgment against the defendant in the amount of $240 and interest. From this judgment, defendant appeals.

The first question confronted is whether the time of the grace period should be measured under this policy from noon of the last day of the preceding month, September 30th, or whether the grace period began on October 1st and continued through the entire day October 31st.

The parties to the contract agreed that the periods of insurance should begin at noon of the day of execution even though the premium was paid at 9:00 p. m. While this gave the insurer an advantage of receiving payment for nine hours when, in fact, the insured was not covered, we know of no public policy which would preclude the parties from antedating their contract so as to make the times of performance, liability, and termination more readily ascertainable. Thus, the first period of insurance began on March 31st at noon and ended April 30th at noon. Plaintiff's policy lapsed at noon, October 1st, when she failed to make a payment due on August 31st for the month of September within the grace period allowed. By paying the premium on the afternoon of October 1st, she reinstated the policy in accordance with a provision of the contract cited later. By accepting this premium due for the month of September, the company accepted the liability of the 31-day grace period which came into existence upon the termination of the September period, at noon on September 30th. Again, upon plaintiff's failure to pay the October premium, the certificate lapsed on October 31st at noon and the effect of the subsequent reinstatement that evening must be governed by the contract.

It is plaintiff's position that the certificate at no time lapsed, for, she contends, the 31-day grace provision is not governed by the provision making the period of insurance from noon on the last day of one month to noon on the last day of the following month. She claims, instead, that the 31-day grace period must be computed in accordance with U.C.A.1953, 68-3-7, which provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last * * *." The difficulty with this view is that for one-half day between the termination of the period of insurance and the beginning of the grace period, she would not be covered. This result is so clearly against the intent of the parties that no citation of authority is needed to determine that the grace period begins to run immediately upon termination of the period of insurance. Plaintiff cites to us a number of cases holding that the time

runs to midnight of the last day of the grace period, whatever its length, excluding the date when the premium was due and counting every day after that, but none of these cases concern policy provisions setting a time certain, as here. In the case of Penn Plate-Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255, 42 A. 138, it was held that the provision beginning and ending the insurance period at noon did not control a provision requiring five days' notice for cancellation where there was evidence as to the time of day that no notice was given. The distinction between the notice provision and the grace period provision is obvious; the former has no real relation to the period stipulated for insurance coverage whereas the latter is entirely dependent upon the expiration of the insurance period for its existence. Richardson v. American National Insurance Co., 18 La.App. 468, 137 So. 370.

As to the effect of the reinstatement of the policy, the certificate provides:

"(4) If default be made in the payment of the agreed premium for this Certificate, the subsequent acceptance of a premium by the Organization or by any of its duly authorized agents shall reinstate the Certificate, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten (10) days after the date of such acceptance."

Plaintiff complains that she has paid premiums in the same amount as though she had kept current in her payments, but was excluded from coverage for the afternoon of her injury. This is true, but the court cannot rewrite the contract for the parties and, according to its unambiguous terms, a condition of the reinstatement was the exclusion of any injury sustained prior to the acceptance of the overdue premium.

Plaintiff further contends that the organization had waived its rights to demand payment in advance of premiums by accepting premiums late at other times. With the exception of the premium paid on October 1st, all prior payments were paid within the grace period before the policy lapsed. As to the October 1st acceptance, the contract was reinstated in accordance with the provision of the policy; likewise the payment made on October 31st. Plaintiff must be charged with the knowledge of her contract and we cannot find that any belief that the company would accept late payments as a continuation of the policy rather than a reinstatement could be reasonably induced by the company's behavior. She had a right to reinstate subject to the exclusion of any accident occurring prior to the acceptance of the premium and could not reasonably have believed that the acceptance of the premium was to cover the entire period of time preceding. An extensive discussion of waiver of prompt payments of premiums is to be found in Ballard v. Beneficial Life Ins. Co., 82 Utah 1, 21 P.2d 847, where the court held, upon facts somewhat similar to those of the present

case, that there was no waiver. The case quotes from Cooley's Briefs on Insurance, Vol. 5 (2d Ed.) : "A waiver of default cannot be predicated on the acceptance of past-due premiums after the death of the insured, if the insurer is ignorant of the fact of death"; that "it may be said that as a general rule the acceptance of a past-due premium on the condition that the insured is in good health, or that he furnish a certificate of good health, is not such an acceptance as will waive the forfeiture, such condition not being complied with"; and that "a waiver of a default in the payment of premiums cannot be based on a mere expression of willingness to reinstate the policy on easy terms." An insurance company which, by any course of conduct, induces in the mind of the insured an honest belief, reasonably founded, that strict compliance with a stipulation for prompt payment of premiums will not be insisted on, waives the right to a forfeiture for nonpayment. Ballard v. Beneficial Life Ins. Co., supra. However, in the present case, there were no acts on the part of the society which could be regarded as inconsistent with the contract nor as inducing a belief that the society did not intend to enforce the terms thereof.

Judgment reversed. Costs to appellant.

HENRIOD, J., and WM. STANLEY DUNFORD, District Judge, concur.

CROCKETT, Justice (dissenting).

This is no disagreement about the fact, as stated in the main opinion, that the premium for the policy for the month of September was due on August 31st; that the 31 day grace period was up at noon October 1st, at which instant the policy then lapsed, nor that "by paying the premium on the afternoon of October 1st, she (plaintiff) reinstated the policy. * * *" However, under those circumstances, it seems to me that it logically follows that the plaintiff was then insured for one month from the time of reinstatement, which would be to November 1st, and was therefore covered and entitled to be compensated for the injury which occurred on the 31st of October.

The certificate provided for monthly term insurance renewable each month at the insurer's option, with premiums payable in advance or within a 31 day grace period during which time the insurance was to remain in effect. The majority opinion recites that there was default at noon on the 1st day of October, that the policy then lapsed, and that "by paying the premium on the afternoon of October 1, she reinstated the policy in accordance with the provisions of the contract * * *". It is of vital importance to note that the policy expressly excluded liability for injury or sickness occurring between any lapse and later reinstatement, providing that the acceptance of a premium would reinstate the certificate, "but only to cover accidental injury thereafter sustained and such sickness as may begin more than 10 days after the

date of such acceptance." (Section VII, (4) of policy) It cannot be questioned that if plaintiff had been injured on October 1st, after the lapse at noon, and before the payment and acceptance of the premium in the afternoon, the company could, and would have denied liability, just as it has done here. It is thus clear that under their method of operation actual insurance coverage did not begin again until the payment and acceptance of the reinstatement premium, and neither the certificate nor the by-laws specify exactly how the premium should be applied as to time of coverage. Under such circumstances, this significant question is posed: Should the reinstatement premium be applied retroactively to include a period of time during which the plaintiff was not actually insured, or does reinstatement and the premium paid therefor have a prospective effect dating from the time of reinstatement?

In construing a reinstatement provision such as the standard one in this certificate, there are two general rules of construction to be given consideration: (1) An insurance contract which is prepared by the insurer should be construed strictly against the insurer and in favor of the insured;[1] and (2) A construction which gives the insured insurance for a less period of time than that covered by the premium which he has paid should be avoided.[2] In light of these general rules of construction and in the absence of controlling provisions in the policy, it seems reasonable and just that when there is a reinstatement of a term insurance contract, as in the instant case, coverage should date from the time of reinstatement giving the insured full coverage for the premium paid.[3]

As might be expected, the courts are quite generally in accord with the rule that reinstatement of an accident and health policy creates a new coverage period dating from the time of reinstatement, thus applying the premium so as to require the insurer to bear a risk commensurate with the amount paid and making up for periods between lapses and reinstatement for which liability is expressly excluded. A general statement to this effect is made in 167 A.L. R. 333, 340:

> "In connection with health and accident policies the prevailing rule seems to be that reinstatement has a prospec-

1. Colovos v. Home Life Ins. Co. of New York, 83 Utah 401, 28 P.2d 607; Gibson v. Equitable Life Assur. Soc. of U. S., 84 Utah 452, 36 P.2d 105; Browning v. Equitable Life Assur. Soc. of U. S., 94 Utah 532, 72 P.2d 1060.

2. MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213, 155 A. 491, 77 A.L.R. 353; Kennedy v. National Accident & Health Ins. Co., Mo.App., 76 S.W.2d 748; 44 C.J.S., Insurance, § 329, p. 1262.

3. Such a holding does not necessarily mean that a reinstatement would destroy the continuity of the original policy where increased benefits are sought under a policy having a continuity requirement. These are separate questions. See, e. g., Mayes v. Washington National Insurance Company, 77 Ga.App. 638, 49 S.E.2d 123.

tive effect dating from the time of reinstatement. The theory underlying this rule is predicated, inter alia, on the view that reinstatement is, in effect, a renewal for another term, creating a new contract prospective in nature, and as reinstated or renewed, the policy covers losses thereafter sustained. Equally persuasive to the courts is the knowledge that a retroactive dating would unjustly deprive the insured of insurance protection for which he has paid, and would have the effect of compelling the insured to pay for insurance throughout a period for which the insurer is admittedly not liable.

"Accordingly, the acceptance of overdue premiums after a default for nonpayment, has been held to entitle the insured to future coverage, thus precluding a retroactive application of the premium."

A case analogous to ours and persuasive as to the principle involved is that of Fallis v. Massachusetts Bonding and Insurance Co.,[4] in which the court held that reinstatement of a monthly term policy provided insurance for the insured from the date of reinstatement to one month thereafter so as to insure plaintiff at the time of his injury, notwithstanding a provision in the policy that in no event would a reinstatement insure the plaintiff beyond the first day of the next succeeding month. The court reasoned as follows at page 218 of 243 S.W.:

"This contract clearly is not a continuing contract of insurance, but is a contract for insurance by the month, as the premiums are paid, and on failure to pay the monthly premium as provided the policy lapsed, and the holder was then without insurance until the policy should be reinstated by another payment of premium. The policy provided that the payment of past-due premiums should not reinstate the policy beyond the 1st day of the next succeeding month. It also provided that after lapse a payment of premium should reinstate it from date of payment only. To give these provisions a literal construction and enforce them strictly against the insured would mean that, if the monthly payment was not paid on the 1st of the month or within 10 days of grace allowed, the policy would lapse and remain without force until another payment, and, *if that payment was not made until the last day of the month, the insured would then pay the full month's premium for insurance for one day. This construction is so unreasonable that it condemns itself.* * * * We think a proper construction of this policy to be that, as long as the premium for a subsequent month was paid within the preceding month or on the 1st day of the next month or. within 10 days grace allowed, the policy was kept in force, but, when the days

4. 210 Mo.App. 579, 243 S.W. 217.

of grace expired without a payment being made, the policy lapsed, and a subsequent payment cannot be held to cover a period of time during the lapse when the policy was not in force, for that would require the insured to pay something for nothing, and would therefore be without consideration. * * * The other provision of the policy that a payment after lapse should reinstate the policy from the date of payment only necessarily required that such payment shall apply to the future, and not the past, and hence the reinstatement would fix a new date from which the months would be counted, and would supersede the provision that each month should mean a calendar month. This construction of the policy is reasonable and fair to both parties, and, we think, is fully sustained by the authorities in this state." (Italics added.)

In Kesler v. Commercial Casualty Insurance Co., 39 Ga.App. 197, 146 S.E. 506, it was contended that the policy had lapsed for nonpayment of a premium due September 1st, the court held that the payment and acceptance of a premium on September 4th reinstated the policy under the standard reinstatement clause and set a new coverage period so that the insured was covered at the time of the accident. Numerous cases from other jurisdictions affirm the reasoning and result reached in the above cases.[5]

Under the facts of the instant case, reinstatement took place on the afternoon of October 1st, when the payment was made and accepted. Nevertheless the majority opinion holds in effect, that such payment insured the plaintiff only until noon on the 31st, which is only for 30 days and not for "one month" the normal coverage period, (October having 31 days) and the period which is referred to in the policy. From this holding it would necessarily follow that even if the premium had been paid and accepted on the 10th, 20th or 30th of October the insured would have been entitled to coverage only until noon of the 31st, whatever fraction of the month remained after the payment. Such a result finds no support in reason, justice or the authorities. Their mandate would be that when the certificate was reinstated on Oc-

5. Halley v. Mutual Benefit Health & Accident Ass'n, 215 Ark. 907, 223 S.W.2d 759; Kesler v. Commercial Casualty Ins. Co., 39 Ga.App. 197, 146 S.E. 506; Lale v. Business Men's Assur. Co., Mo.App., 275 S.W. 962; Schroeder v. Travelers Protective Ass'n of America, Mo.App., 138 S.W.2d 699; Eisenberger v. North American Accident Ins. Co., 165 A. 295, 11 N.J.Misc. 217, 295; MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213,

155 A. 491, 77 A.L.R. 353; Travelers Protective Ass'n of America v. Ziegler, Tex.Civ.App., 250 S.W. 1115; Jones v. Preferred Accident Ins. Co., 232 Wis. 102, 286 N.W. 598; 77 A.L.R. 357; 167 A.L.R. 333, 340; 45 C.J.S., Insurance, § 672, p. 610. The rule, however, does not appear to be universal. See, e. g., Mutual Benefit Health and Accident Ass'n v. Kennedy, 5 Cir., 140 F.2d 24.

tober 1st, by payment of the monthly premium, plaintiff was entitled to a full month insurance. Consequently the policy would not expire until November 1st; so the coverage was in effect when the injury occurred on October 31st, and in fact did not lapse at all because the next monthly premium was paid before it would have lapsed on November 1st.

I think the judgment should be affirmed.

WADE, J., concurs in the dissenting opinion of CROCKETT, J.

WOLFE, C. J., being disqualified did not participate in the hearing of this cause.