## Gruskin v. The Hartford Mutual Insurance Co.

*Ashe & Ashe*, for plaintiffs.

*Harry A. Heilman, Jr.*, and *Blair F. Green*, for defendant.

GRAFF, P. J., August 29, 1962.—Plaintiffs instituted this action in assumpsit to recover the value of various articles of personal property alleged to have been stolen from their automobile as it stood along State highway route no. 66, on April 28, 1960. An answer was filed to the complaint, and thereafter, a reply upon the part of plaintiff. A motion for judgment upon the pleadings was filed by plaintiffs, and thereafter, at the instance of the court, certain facts were admitted which could not be so found under the pleadings.

The admitted facts are as follows:

On April 28, 1960, Sandra Faye Gruskin was driving an automobile, accompanied by her daughter, upon State highway route no. 66, in a southerly direction toward the City of Pittsburg. She became involved in an accident, as a result of which both she and her daughter were rendered unconscious. The car was

demolished to the extent that the right rear door was sheared off and the three other doors so sprung as to be impossible to lock them. A passing motorist took Mrs. Gruskin and her daughter to the hospital, where proper treatment was secured. Mrs. Gruskin's purse remained in the automobile when she was taken therefrom, and articles valued at $670 were later found to be missing. An insurance policy was issued to plaintiffs by defendant, dated October 22, 1958. Under coverage "D", the loss of the property was covered "while elsewhere than on the premises of the described dwelling, anywhere in the world". Paragraph 7 of the insurance policy provided as follows:

"This policy excludes any loss by theft . . . (e) under Coverage D of property *left unattended* in any private passenger motor vehicle on a public way, or in a garage or public parking lot, unless the loss be the result of forcible entry (of which there must be visible evidence) into a fully enclosed body or compartment (not including a glove compartment), the doors and windows of which have been locked."

It is well established that an insurance policy will be construed most strongly against the insurer who has prepared it: MacDonald v. Metropolitan Life Insurance Co., 304 Pa. 213, 155 Atl. 491; West v. MacMillan (and Automobile Underwriters Insurance Co., Garnishees), 301 Pa. 344, 152 Atl. 104. If there is any doubt or ambiguity as to the meaning of the policy, the doubts or ambiguities will be resolved in favor of the insured: Beley v. Pennsylvania Mutual Life Insurance Co., 373 Pa. 231, 95 A. 2d 202; Howley v. Scranton Life Insurance Co., 357 Pa. 243, 53 A. 2d 613. It is also well settled that if an insurance policy is reasonably susceptible of two interpretations it is to be construed in favor of the insured in order not to defeat, without plain necessity, the claim to indemnity which it was the insured's object to obtain: Armon v.

Aetna Casualty and Surety Company, 369 Pa. 465, 87 A. 2d 302, and the many cases cited therein; Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394.

Simple words of common usage in a policy of insurance will be construed in their natural, plain and ordinary sense: Easton v. Washington County Insurance Company, 391 Pa. 29.

Insurance policies must be sensibly construed: Albert v. Mutual Benefit Health and Accident Association, 350 Pa. 268; Pickett v. Pacific M. L. Ins. Co., 144 Pa. 79.

Plaintiffs contend that the words "left unattended" contained in the exclusion of the policy, in paragraph 7 thereof, are ambiguous and susceptible of more than one conclusion. On the other hand, defendant contends that the language of paragraph 7 is susceptible of only one interpretation, and that is if property is stolen from a motor vehicle unattended upon the highway, that no liability can be imposed upon it. If the word left had been eliminated from the policy, there can be no doubt but that the contention of defendant would be correct. It therefore becomes necessary to determine what the word left means in its ordinary understanding. Left is the past tense of the word leave. In Webster's New International Dictionary, 2d ed., leave is defined, inter alia, as follows:

"To allow or cause to remain; to cause to remain; to permit or let; to desert, abandon, or forsake."

These definitions all indicate a voluntary act. The admitted facts in this case disclose that the act of Mrs. Gruskin in going to the hospital was involuntary in character. The automobile was apparently demolished to the extent that it could not be used, and it was impossible to lock the car. If there is any doubt or ambiguity as to the meaning of the policy, doubts or ambiguities must be resolved in favor of the insured;

and further, if the policy is reasonably susceptible of two interpretations, it must be construed in favor of the insured. It is significant that the insuror caused the word left to immediately precede the word unattended. If any and all loss by reason of theft from an unattended car along a public highway was intended under the terms of the policy, it would have been simple to have excluded the word left. This was not done.

We therefore conclude that defendant company is liable under the admitted facts for the loss which has occurred.

*Order*

And now, August 29, 1962, judgment is now entered in favor of plaintiffs in the sum of $670.