468 P.2d 958

**Joseph OKAMURA, Plaintiff and Respondent,**

**v.**

**TIME INSURANCE COMPANY, Defendant and Appellant.**

**No. 11659.**

Supreme Court of Utah.

April 27, 1970.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for defendant and appellant.

Kipp & Christian, D. Gary Christian and J. Dennis Frederick, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice.

The plaintiff commenced this action in the court below to recover the benefits under a group insurance policy issued by the defendant. The trial court entered judgment in favor of the plaintiff, and the defendant has appealed.

The plaintiff and one Richard D. Martinez were partners in a nursery business operated under the name of Garden Art, Inc. The partners were members of the Utah Association of Nurserymen and through the Association acquired a group policy which insured them against losses arising from injury or illness. The policy became effective on June 1, 1967, and the first quarterly premium was paid prior to its issuance. The second quarterly premium, was paid by the partnership on October 5, 1967, four days after expiration of the 31-day grace period provided by the policy. The third quarterly payment became due on December 1, 1967, and the grace period expired on January 1, 1968. The plaintiff's wife, on February 7, 1968, mailed a letter to the defendant in which she enclosed a check and requested reinstatement of the policy on behalf of Joseph Okamura. The check and the letter were dated on February 5th. Prior to mailing the letter the plaintiff had been suffering from nausea and upper abdominal pain for a period of time. On February 8, 1968, the plaintiff was admitted to a hospital for the treatment of an illness which the plaintiff's physician diagnosed as duodenal ulcer.

Upon receiving the letter and the check from the plaintiff's spouse, the defendant was unable to identify the account or the policy mentioned in the letter. Defendant acknowledged receipt of the letter and the check and requested the policy number be supplied. After the policy number had been furnished and the defendant located the account, the plaintiff was advised by letter of February 29, 1968, that the policy had lapsed as of December 1, 1967, and inasmuch as the payment had not been received during the grace period, the premium was refunded.

The defendant refused to pay the cost of medical care and treatment incurred by the plaintiff resulting from his illness, and this action was commenced to recover the benefits claimed by the plaintiff.

It is the plaintiff's contention here, as it was in the trial court, that the defendant, by accepting payment of the prior quarterly premium after expiration of the due date and the grace period, had established a custom of waiving strict compliance with the provisions of the policy as to payment,

and that the insurer cannot now refuse to accept a late payment and forfeit the policy. The insurance contract we are here dealing with provides that the insurance of any member shall terminate on the date when the renewal premium is due if the required premium is not paid.

 We are of the opinion that the acceptance of one prior premium after the due date is insufficient to constitute a custom or usage waiving a requirement of prompt payment.[1] A custom or usage exists only when followed for a substantial period of time.[2] Findings and judgment of the trial court are not supported by the record, and the judgment is reversed. The appellant is entitled to costs.

CALLISTER, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Chief Justice (concurring specially).

I concur in the decision as it applies to the facts shown and as this case was tried and the issues presented. However, I think it desirable to note that in situations of this character there may be bases, other than custom, that should be considered, including waiver and/or estoppel.

---

1. Ballard v. Beneficial Life Ins. Co., 82 Utah 1, 21 P.2d 847; Cooper v. Foresters Underwriters, Inc., 2 Utah 2d 373, 275 P.2d 675; Schick v. Equitable Life Assur. Soc., 15 Cal.App.2d 28, 59 P.2d 163;

Couch on Insurance 2d, Vol. 6, Sec. 32:387.

2. Couch on Insurance 2d, Vol. 6, Sec. 32:388.