## Shaw v. Sabo and Buckeye Union Casualty Co.

*James B. Ceris* and *Charles F. Bowers*, for plaintiffs.

*Reed, Sohn, Orr & Reed*, for garnishee.

SCALERA, P. J., May 5, 1967.—Plaintiffs, Carl E. Shaw and Loretta Shaw, sued defendants Paul Wituch, John Sabo and Bertha Joy in trespass to recover damages sustained in an automobile collision. The case was tried before a jury. The trial judge granted a motion for a directed verdict in favor of defendant Paul Wituch, the owner of the automobile, because there was no evidence that the driver of the automobile was the servant, agent or employe of Paul Wituch at the time of the collision. The jury returned a verdict against both John Sabo and Bertha Joy and in favor of the wife-plaintiff, Loretta Shaw, for $9,000 and in favor of the husband-plaintiff, Carl E. Shaw, for $6,000.

Judgment was entered on the verdict. Plaintiffs instituted attachment execution proceedings against the Buckeye Union Casualty Company, garnishee, as the liability insuror of defendant John Sabo, and against the United States Fidelity and Guaranty

Company, garnishee, as the liability insuror of the Wituch automobile. Interrogatories were filed by plaintiffs upon each of the garnishees, to which each filed an answer.

The garnishee, Buckeye Union Casualty Company, admitted in its answer that the liability insurance policy issued to John Sabo provided coverage for the named insured's use of a nonowned automobile, but stated that such coverage was excess coverage over any other insurance available. The garnishee, United States Fidelity and Guaranty Company, in its answer under new matter averred that the use by John Sabo and Bertha Joy of the insured automobile was without the permission of the named insured, Paul Wituch, that said issue of permissive use had been adjudicated by the trial, and that plaintiffs were, therefore, estopped from raising the issue in the attachment execution proceedings.

The garnishee, United States Fidelity and Guaranty Company, moved for judgment on the pleadings on the propositions advanced in its answer to the interrogatories. The court denied the motion for judgment on the pleadings on the basis that the issue in the attachment execution proceedings is whether the use of the Wituch automobile by Bertha Joy or John Sabo was within the scope of the permission granted by Wituch, and this issue had not been litigated.

Several continuances requested by agreement of all parties were granted. The case was tried before the court without a jury by stipulation of the parties, pursuant to the provisions of the Act of April 22, 1874, P. L. 109, sec. 1, as amended, 12 PS §688. The court found for the garnishee, United States Fidelity and Guaranty Company, and for Carl E. Shaw in the amount of $6,000, and for Loretta Shaw in the amount of $9,000, and against the garnishee, Buckeye Union Casualty Company.

The garnishee, Buckeye Union Casaulty Company, filed exceptions within the period of time permitted by the Act of 1874, P. L. 109, sec. 2, as amended, 12 PS §689. Although no request for findings of fact and conclusions of law for the purpose of filing exceptions was made pursuant to the provisions of section 2 of the act, and, therefore, the court filed only its verdict, it was the understanding of all counsel that exceptions could be filed.

The exceptions are as follows:

"1. The award was contrary to the evidence.

"2. The award was contrary to law.

"3. Under the contract of insurance between John Sabo and Buckeye Union Casualty Company the Plaintiffs are not entitled to recover against Buckeye Union Casualty Company".

In the brief submitted on behalf of the garnishee, counsel for the garnishee states:

"The sole issue in this case is the interpretation of a particular clause in the policy of insurance. The claim arising out of an accident in which the defendant John Sabo was driving an automobile owned by a third party without the permission of the third party".

In order to arrive at its verdict the court of necessity found as a fact that defendant John Sabo was driving the automobile owned by Paul Wituch without the permission of Paul Wituch. As appears from the garnishee's brief, garnishee does not question that this finding of fact was necessarily the basis of the court's verdict. It also appears from garnishee's brief that garnishee does not dispute this finding, even though its first exception is that the award was contrary to the evidence. We, therefore, dismiss the first exception.

In finding for plaintiffs and against the garnishee, Buckeye Union Casualty Company, the court necessarily concluded as a matter of law that the contract

of insurance covered John Sabo when driving an automobile owned by another person without the permission of the owner. As appears from garnishee's brief, the garnishee agrees that this is the only issue of law. To this conclusion, the garnishee excepts in paragraphs 1 and 2 of its exceptions.

The pertinent section of the contract of insurance between the Buckeye Union Casualty Company and John Sabo provides that:

"Persons Insured. The following are insureds under Part 1:

" (a) With respect to the owned automobile,

" (1) the named insured and any resident of the same household,

" (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured,

" (b) With respect to a non-owned automobile,

" (1) the named insured,

" (2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;

" (c) Any other person or organization legally responsible for the use of

" (1) an owned automobile, or

" (2) a non-owned automobile, if such automobile is not owned or hired by such person or organization, provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile".

The position of the garnishee is that, with respect to a nonowned automobile, the contract of insurance covered the named insured and any relative, provided that the actual use of the automobile was with the permission of the owner. To arrive at this interpretation of the contract, the garnishee contends that the last clause appearing in subparagraph (b)(2), which

clause is, "provided the actual use thereof is with the permission of the owner", refers to and limits not only the preceding part of subparagraph (b) (2), but refers to and limits subparagraph (b) (1). In other words, the garnishee contends that the "permission" clause, that is, the clause limiting coverage to the occasion when the use of the nonowned automobile is with the permission of the owner applies not only to "any relative", but also applies to the "named insured". The garnishee contends that the numerals (1) and (2) under (b) do not in any way affect the meaning of the limiting clause. As the garnishee says in its brief:

"Eliminating the numbers we simply have two clauses specifying certain subjects modified by the third clause".

The garnishee cites in support of its position Gray v. International Service Insurance Company, 73 N. M. 158, 386 P. 2d 249 (1963), in which case, at page 252 of P. 2d, the New Mexico Supreme Court said, in construing similar language in an insurance contract, that:

"Thus, we are of the opinion that, in the policy before us, with respect to a non-owned automobile, permission for its use was made a condition of coverage as to both the named insured and to a relative of the named insured, and that no ambiguity appears in the policy".

In the Gray case, the nonowned automobile was, in fact, a stolen car and, of course, no permission had been granted for its use by the owner. This appeared to be a significant fact in the court's opinion. Thus, the New Mexico Court distinguished Bowman v. Preferred Risk Mutual Insurance Company, 348 Mich. 531, 83 N. W. 2d 434, for the reason that in the Bowman case, although the driver, Bowman, operated the nonowned automobile without permission of the owner, he was not a conscious wrongdoer, because he

was merely moving the nonowned automobile which had been parked in the street in front of his home, thereby preventing him from parking his car in the same place.

As was said about the Gray case in McMichael v. American Insurance Company, 351 F. 2d 665, 668 (1965), by the Eighth Circuit Court of Appeals in ruling that similar language in an insurance contract did not apply to the named insured:

". . . The discussion of the issues here presented is summary. Neither the Missouri courts nor this court is bound by the New Mexico decision and to the extent that such decision is inconsistent with the result we here reach, we do not choose to follow the Gray case".

Certain basic rules of construction are applicable to this case. These rules have been summarized by the Supreme Court of Pennsylvania in Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394 (1956), at page 397:

"It is well established that an insurance policy will be construed most strongly against the insurer who has prepared it: MacDonald v. Metropolitan Life Insurance Co., 304 Pa. 213, 155 A. 491; West v. MacMillan (and Automobile Underwriters Insurance Co., Garnishees), 301 Pa. 344, 152 A. 104. If there is any doubt or ambiguity as to the meaning of the policy, the doubts or ambiguities will be resolved in favor of the insured: Beley v. Pennsylvania Mutual Life Insurance Co., 373 Pa. 231, 95 A. 2d 202; Howley v. Scranton Life Insurance Co., 357 Pa. 243, 53 A. 2d 613. It is also well settled that if an insurance policy is reasonably susceptible of two interpretations it is to be construed in favor of the insured in order not to defeat, without plain necessity, the claim to indemnity which it was the insured's object to obtain: Armon v. Aetna Casualty and Surety Company, 369 Pa. 465, 87 A. 2d 302, and the many cases cited therein".

It is the rule that a limiting clause or phrase which follows several expressions to which it might be applicable is restricted to its last antecedent: Couch on Insurance 2d §15:13; Buntz v. General American Life Insurance Company, 136 Pa. Superior Ct. 284 (1939). As was said by the court in the Buntz case, at page 289: "It is in accord with the 'elementary principle of interpretation that all phrases and sentences are to be construed according to the rules of grammar; and these "require as a general thing, a limiting clause or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent": Endlich on Interpretation of Statutes, secs. 2 and 414'; Chestnut Hill and Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1, at page 6, 76 A. 726, at page 727".

It is interesting to note that when drafting paragraph (c), which also involves a limiting clause, the garnishee, in addition to setting off the limiting clause spatially from the next preceding word in subparagraph (c)(2), makes clear its intention that the "limiting" or "provided" clause refers to both subparagraph (c)(1) (an owned automobile) and subparagraph (c)(2) (a nonowned automobile), by stating: "provided the actual use thereof is by a person who is insured under (a) or (b) above with respect to such owned automobile or nonowned automobile". (Italics supplied.)

Adhering to the rules of construction which we have cited, we find that the limitation of coverage requiring that the use of a nonowned automobile be with the permission of the owner applies only to such use by "relatives" and not to the "named insured". We therefore dismiss the second and third exceptions.

ORDER

And now, May 5, 1967, it is ordered and decreed that the exceptions be and are hereby dismissed and that

judgment be entered according to the decision in this case previously filed, that is, in favor of Carl E. Shaw in the amount of $6,000, and in favor of Loretta Shaw in the amount of $9,000, and against the garnishee, Buckeye Union Casualty Company, plus interest and costs.